SUSANNAH DONALDSON v. JOHN R. WILSON, EXECUTOR OF SAMUEL W. ODELL.

*Land owner—Liability for injuries occasioned by defective condition of building—Landlord—Subtenant.*

1. A land owner is liable to respond in damages to one who, using due care, comes upon his premises, at his invitation or inducement, express or implied, on any business to be transacted with or permitted by him, for injuries sustained by reason of the unsafe condition of such premises, known to him, and which he has suffered negligently to exist, but of which the injured party has no knowledge or notice.

2. Where a tenant sublets a portion of the leased premises to a third party without the knowledge or assent of his landlord, and the subtenant's property is injured by the falling of the building, caused by the defective and dangerous condition of the walls,

   *Held,* In a suit brought to recover the value of the injured property, that unless the landlord had notice or knowledge of such subletting and occupancy, his assent thereto could not be presumed by reason thereof; and there being no evidence tending to show such knowledge or notice, he was under no obligation to keep the premises in repair, as to such subtenant, and plaintiff could not recover.

Error to Muskegon.  Russell, J.  Argued February 5, 1886.  Decided February 10, 1886.

Case.  Plaintiff brings error.  Affirmed.  The facts are stated in the opinion.

*C. C. Chamberlain,* for appellant:

The maxim, *sic utere tuo ut alienum non laedas,* applies. The plaintiff was not the lessee of the *defective walls*—had no control over them, or any knowledge of the defect.  Her property was lawfully in the upper rooms; the injury to it was by the *direct, violent action* upon it of the property of the defendant (Odell), caused by his own gross negligence, with no contributory negligence on the part of the plaintiff. And having introduced testimony tending to show the amount of damage she had sustained by the injury to her

property, she was entitled to go to the jury, and the circuit judge erred in refusing to permit her so to do : *Eagle v. Swayze*, 2 Daly, 140. It was the duty of the defendant (Odell) to have taken such care of the foundation walls of his building, as that they should not, from natural and a very ostensible decay, precipitate the building upon the property of the plaintiff. The extremely defective and dangerous condition of the walls was so obvious, that, if Odell did not know it, he ought to have known it.

The maxim, *caveat emptor*, cannot be transformed into a license to maintain mantraps and deadfalls for the purpose of resisting the application of the maxim *sic utere*, etc., the facts in this case. The maxim, *caveat emptor*, requires the purchaser or lessee to take notice of the condition of that which he purchases or leases and controls. It—the maxim required this plaintiff to take notice of the *rooms she leased and occupied*, and nothing more. It did not require this old lady to go down through the saloon and into the dark basement occupied by another, and there note the condition of something not leased or occupied by her, or in anywise under her control. The lease to Walters & Sonenburg did not release Odell from his duty. It was a lease from month to month, and excepted *damage by the elements* from the repairs to be made by lessees. The defect existed at the date of the lease.

*Smith, Nims, Hoyt & Erwin*, for defendant :

The ground of action alleged in plaintiff's declaration, rests on a breach of duty to repair the building, imposed on Odell by reason of his ownership. In order to sustain her action, it was incumbent on the plaintiff to show that Odell owed her a clear, legal duty to keep the premises in repair : *Samuelson v. Cleveland Iron Mining Company*, 49 Mich. 164, 171; *Nicholson v. The Erie R. R. Co.*, 41 N. Y. 529 ; *O'Brien v. Capwell*, 59 Barb. 497, 504; *Mayor v. Cunliff*, 2 N. Y. 165, 175. This she claims to have done by showing that he held the legal title to the building; so, unless that duty was imposed on him as owner, her case must fall. Mere ownership, alone, can impose no such duty : *Samuelson v. Cleveland Iron Mining Co.*, 49 Mich. 164, 171, 173. The existence of the duty must depend on the relative position of the parties. She entered the premises and placed her property there without Odell's knowledge or permission, and without any legal right; for the sub-lease from Walters,

being without Odell's assent, gave the plaintiff no rights as against Odell, and she became as to him, a mere trespasser. Consequently he owed her no duty to keep the building in repair: *Hargreaves v. Deacon*, 25 Mich 1; Shearman and Redfield on Negligence, §§ 505–7–8; 1 Thompson on Negligence, 303, § 3; Moak's Underhill on Torts. 260; *Victory v. Baker*, 67 N. Y. 366; Cooley on Torts, 605–6, 660; *Nicholson v. Erie R. R. Co.*, 41 N. Y. 529; *Parker v. Portland Publishing Co.*, 69 Me. 173; *Robbins v. Jones*, 15 C. B. (N. S.) 220, 240. But even if she and her property were rightfully in the building, Odell owed her no duty to keep it in repair. If he did, we would have a case where the law imposes a duty and at the same time forbids its performance. While the legal title was vested in Odell, his right and title were subject to those of Walters. During the continuance of the lease the premises belonged to Walters. He owned the present title, and he alone had the right to possession and to make repairs. If Odell had entered the building for the purpose of repairing it, Walters could have ejected him as a trespasser; nor was there any time after Odell's purchase from Brown & Friend, when he could have repaired the building without becoming a trespasser.

The plaintiff was in possession under Walters, and her rights against Odell could be no greater than his. He was Brown & Friend's lessee and Odell's tenant; and where there is no covenant on the part of the landlord to repair, and, *a fortiori*, where the tenant has himself expressly covenanted to repair, the landlord is not liable to the tenant for injuries arising out of a failure to repair: 1 Thompson on Negligence, 323, § 3; Wood's Landlord and Tenant, 921; Moak's Underhill on Torts, 248, rule 22; *Clark v. Babcock*, 23 Mich. 164; *Gott v. Gandy*, 2 E. & B. 845; *Keates v. Cadogan*, 10 C. B. 591; *Robbins v. Jones*, 15 C. B., N. S. 220, 240; *Humphrey v. Wait*, 22 Up. Can. Com. P. 580; *Arden v. Pullen*, 10 M. & W. 321; *Sutten v. Temple*, 12 M. & W. 52; *Hart v. Windsor*, 12 M. & W. 68; *Libbey v. Tolford*, 48 Me. 316; *Foster v. Peyser*, 9 Cush. 242; *Dutton v. Gerrish*, 9 Cush. 89; *Welles v. Castles*, 3 Gray, 323; *Ferra v. Child*, 115 Mass. 32; *Mellen v. Morrill*, 126 Mass. 545; *Mumford v. Brown*, 6 Cow. 475; *Cleves v. Willoughby*, 7 Hill (N. Y.) 83; *McGlashan v. Tallmadge*, 37 Barb. (N. Y.) 313; *O'Brien v. Capwell*, 59 Barb. 497, 504, 505; *Doupe v. Genin*, 45 N. Y. 119; *Witty v. Matthews*, 52 N. Y. 512; *Jaffy v. Harteau*, 56 N. Y. 398; *Lockrow v. Horgan*, 58 N. Y. 635; *H. & N. Y. Steamboat*

*Co. v. Mayor of City of New York, etc.*, 12 Hun 550 ; *Arnold v. Clark*, 45 N. Y. Sup. Ct. 252, 256 : same case, 2 Rap. Digest, vol. 2, 249, 250 ; *Hazlett v. Powell*, 30 Penn. St. 293. And even if plaintiff's position were that of one rightfully in the building, but having no relation as that of tenant to Odell, the defendant would not be liable. In addition to the cases cited above, see *Fisher v. Thirkell*, 21 Mich. 1 ; *Harris v. Cohen*, 50 Mich. 324 ; *Payne v. Rodgers*, 2 H. Bl. 349, 350 ; *Rich v. Basterfield*, 4 M. G. &. S. 783 (vol. 56 E. C. L. Reps.); *Offerman v. Starr*, 2 Penn. St. 394; *Bears v. Ambler*, 9 Penn. St. 193 ; *Lowell v. Spaulding*, 4 Cush. 277 ; *Kirby v. Boylston Market Association*, 14 Gray 249 ; *Leonard v. Storer*, 115 Mass. 86 ; *Mayor v. Cunliff*, 2 N. Y. 175.

CHAMPLIN, J. Plaintiff brought an action on the case to recover the value of certain personal property, destroyed in consequence of the falling of a building owned by Samuel W. Odell, the defendant's testator. Judgment was rendered for Odell, who subsequently died, and the suit was revived in the name of the defendant, as his executor.

From the evidence produced on the trial by the plaintiff it "appears, that for some time prior to the twentieth day of March, 1882, Brown & Friend were the owners of lot fifteen (15), of subdivision of block seven (7), of the city of Muskegon, on which was a two-story brick building, the foundations of which were in a defective condition ; and that, by reason of such defects, the building fell to the ground in December following. On the twentieth day of March, 1882, Brown & Friend made a written lease of said lot and building to Charles R. Walters and Richard Sonenburg, for the term of one year from and after April 1, 1882. In the lease, Walters & Sonenburg agreed to pay for all repairs made during its life ; not to assign nor transfer the lease, or to sublet the premises, or any part thereof, without the written assent of the lessors ; to keep the premises, and every part thereof, during the continuance of the lease, in as good repair, and to yield them at the expiration of the term to the lessors in like condition, as when taken, reasonable use and wear and damage by the elements excepted. Walters & Sonenberg at once took possession, using the ground floor for a saloon and the second story as a residence, Sonenburg subsequently selling out to Walters, who continued in possession, running the saloon until the building fell. In May, 1882, Brown & Friend sold the premises to S. W. Odell,

subject to the lease to Walters & Sonenburg, and assigned the lease to him. In September, 1882, the plaintiff, without Odell's knowledge or assent, rented from Walters. rooms in the second story of the building, which she occupied as a residence until December 28, 1882, when the building fell and her property was damaged. The plaintiff knew nothing of the defective condition of the building, nor did she know who owned it. In March or April, 1882, Brown & Friend had the building examined, but the testimony does not show that Odell had any knowledge of its condition."

The ground of action alleged in plaintiff's declaration rests on a breach of duty to repair the building, which was imposed on Odell by reason of his ownership. In order to sustain her action, it was incumbent on the plaintiff to show that Odell owed her a clear legal duty to keep the premises in repair.

The plaintiff claims that it was the duty of Odell to have taken such care of the foundation walls of his building, that they should not, from natural and a very ostensible decay, precipitate the building upon the property of the plaintiff; that the extremely defective and dangerous condition of the walls was so obvious, that, if Odell did not know it, he ought to have known it.

It is well established that the owner of lands is liable in damages to those coming thereon, using due care, at his invitation or inducement, express or implied, on any business to be transacted with or permitted by him, for an injury occasioned by the unsafe condition of the premises, which is known to him and not to them, and which he has suffered negligently to exist, and of which they have received no notice: *White v. France*, 2 C. P. Div. 308 (21 Eng. R. 305); *Dublin, W. & W. Railway Co. v. Slatterly*, 3 App. Cas., page 1155 (24 Eng. R. 703); *Hartwig v. Chicago & N. W. Ry. Co.*, 49 Wis. 358; *Hayward v. Merrill*, 94 Ill. 349; *Camp v. Wood*, 76 N. Y. 92; *Beck v. Carter*, 68 N. Y. 283; *Davis v. Central Cong. Society*, 129 Mass. 367; *Nickerson v. Tirrell*, 127 Mass. 236; *Carleton v. Franconia Iron, etc., Co.*, 99 Mass. 216; *Bennett v. Railroad Co.*, 102 U. S. 577;

*Samuelson v. Cleveland Iron Mining Co.*, 49 Mich. 170; and cases there cited.

But neither the plaintiff nor her goods were upon Odell's premises by any invitation or inducement from him. There were no business transactions between her and the owner. She entered upon the premises and placed her property there without Odell's knowledge or permission, and in violation of his rights. Plaintiff claims that inasmuch as she rented the rooms which she occupied of Walter in September, and continued in such occupancy until in December, when the building fell, the assent of Odell to the subletting ought to be presumed. But there is no evidence in the case which shows, or tends to show, that Odell had either knowledge or notice of the subletting, or of her occupancy of the premises, and unless he did have such notice or knowledge, there is no foundation for presuming that he assented thereto. It therefore appears that defendant's testator owed to plaintiff no duty to keep the premises in repair. The cases cited in defendant's brief fully support the views above expressed.

The judgment must be affirmed.

The other Justices concurred.