RICHARDSON ET AL. *v.* LEAGUE.

[No. 2,575.     Filed January 13, 1899.]

AGENCY.— *Husband as Agent for Wife in Renting Her Separate Property.*—Where a husband acts merely as the agent of his wife in renting her separate real estate, he may bind his wife, but does not render himself liable upon the failure of his wife to carry out the terms of the rental contract so made.  *pp. 430, 431.*

APPEAL.—*Bill of Exceptions.*—A bill of exceptions, to become a part of the record, must be filed with the clerk after having been signed by the trial judge.  *p. 431.*

PRACTICE.—*Recovery Must be Upon Theory of Complaint.*—A party must recover, if at all, upon the theory of at least one paragraph of his complaint.  *p. 433.*

From the Howard Circuit Court.  *Reversed.*

*Oglebay & Oglebay,* for appellants.

*J. M. Fippin* and *J. M. Purvis,* for appellee.

HENLEY, J.—Action by appellee against appellants, one Honora L. Richardson and John W. Richardson, her husband. The allegations of the complaint were, in substance, as follows: That appellant Honora L. Richardson is the owner of eighty acres of land in Tipton county, Indiana, and that appellant John W. Richardson is her husband and her agent for said land; that in October, 1893, appellee rented from said agent said eighty acres of land for a term of one year, to begin on the 1st day of March, 1895, and among other things contained in said rental contract, appellants were to drill or cause to be drilled or dug a well upon said farm, which would furnish sufficient pure and wholesome water to the appellee while upon said farm, all of which appellants have failed and refused to do. It is further averred that no water was furnished appellee under said contract for his use as tenant on said farm, and that he proceeded to and did cause a well to be drilled upon said farm for the

purpose of furnishing water for his family use, and for the use of the stock upon said farm, which well was of the value of $150.  It is further averred that appellee sustained damage by reason of appellants' failure to keep their contract with plaintiff in the sum of $100, for which damage an itemized bill is filed with the complaint, covering the cost of the well, and the amount claimed as damage for failure to drill the same.  Appellants separately demurred to this complaint, which demurrers were overruled by the lower court, and this ruling, so far as the same applies to the separate demurrer of John W. Richardson, the husband, is assigned as one of the errors to this court. Appellee answered in general denial and answered in set-off.  There was a trial by jury, and a finding in favor of appellee in the sum of $170.70.  Appellants moved for a new trial, which was overruled, and judgment was rendered against both of said appellants for said sum.

It is assigned as error to this court: (1) That the court erred in overruling the demurrer to the complaint; (2) that the court erred in sustaining the demurrer to the second paragraph of defendants' answer; (3) that the court erred in overruling the motion for a new trial; (4) that the court erred in overruling the motion of appellant Honora L. Richardson in arrest of judgment; (5) that the court erred in overruling the motion of appellant John W. Richardson in arrest of judgment; (6) that the court erred in overruling the motion of defendants in arrest of judgment.

The first question discussed by appellants relates to the sufficiency of the complaint as to appellant John W. Richardson.  It is provided by statute in this State, section 6960, Burns' R. S. 1894 (5115, Horner's R. S. 1897), as follows: "All the legal disabilities of married women to make contracts are hereby abol-

ished, except as herein otherwise provided." It is further provided by section 6965, Burns' R. S. 1894 (5120, Horners' R. S. 1897) * * *. "Husbands shall not be liable for the contracts or the torts of their wives." And by section 6967, Burns' R. S. 1894 (5122, Horner's R. S. 1897), that "a husband shall not be liable for any debts contracted by the wife in carrying on any trade, labor, or business on her sole and separate account, or when she is in partnership with any other person other than himself, nor for improvements or repairs made by her order or authority on her separate real property." It will thus be seen that the complaint in this action wholly failed to state a cause of action against appellant John W. Richardson, and the lower court erred in overruling his demurrer thereto. The action of the lower court in overruling the demurrer of appellant John W. Richardson resulted in a judgment against him for an amount for which, if any one was liable, it was his co-appellant. It is distinctly averred in the complaint that he was the agent of his wife when the contract detailed therein was entered into. As such agent he bound his wife, but did not bind himself for the payment of any debts contracted on her behalf, or in and about the management or rental of her separate real property, nor did he become liable upon any contract under the allegations of the complaint.

The third specification of the assignment of errors calls in question the overruling of appellants' motion for a new trial. It is argued at length by counsel for appellants that the lower court erred in giving to the jury certain instructions and in refusing to give to the jury certain other instructions, but the instructions are not properly before the court. Appellants have attempted to bring the instructions into the record by bill of exceptions, but this bill of exceptions

was not filed with the clerk after having been signed by the trial judge, and it does not appear from the record, or from the certificate of the clerk to the transcript, that it was ever filed in his office. For this reason the court will not review the instructions.

The thirteenth and fourteenth reasons assigned for a new trial are as follows: "(13) That the verdict of the jury is not sustained by the evidence; (14) that the verdict of the jury is contrary to the evidence." These will be considered together. The complaint proceeds upon the theory that appellants have failed to perform that part of a verbal rental contract entered into between appellee and appellant Honora L. Richardson, through her agent John W. Richardson, in the month of October, 1893, in which it was agreed that the owner of the leased land was to drill or cause to be drilled or dug a well upon said land which would furnish pure and wholesome water for appellee's use while such tenancy existed. Thus it will be seen that by the averments of the complaint the agreement on the part of the lessor to furnish pure, wholesome water upon said leased premises was an inducement which entered into and was a part of the consideration of the rental contract as declared upon in the complaint. We have most carefully read all of the evidence in this cause, and fail to find any evidence which supports the verdict and judgment upon the theory of appellee's complaint. The evidence is to the effect that appellee's rental contract with the owner of the land was a written contract, in which nothing was said about drilling or digging a well or furnishing water, and that said written contract was not entered into until some time in December, 1893. There is not a word or syllable of evidence of any contract made in October, 1893, to furnish a well of water to appellee, or of any rental contract at any other

Richardson *v.* League.

time than the written contract above referred to executed December 4, 1893, in which, as we have said, no mention was made of wells or water. There is evidence in the record tending to prove that, immediately after the execution of the written rental contract,—about ten minutes afterwards, according to the testimony of appellee,—appellant agreed to furnish the well and water upon the leased land, and, as a consideration for such promise, it is attempted to be shown by the evidence that appellee was to move upon the leased premises and occupy the dwelling house. The court permitted appellee to prove a different contract, at a different time, and upon a different consideration than the one declared upon in his complaint. The evidence adduced upon the trial was wholly outside the issues tendered by the complaint and denial. That a party must recover, if at all, on the theory of at least one paragraph of his complaint, is good reason and sound law. Our Supreme Court, in the case of *Paris* v. *Strong,* 51 Ind. 339, say: "No rule of law can possibly be better settled, and none is more necessary in the administration of justice, than that the plaintiff must recover upon his allegations, or not at all. If this were not so it would be a mockery to require him to state a sufficient case in his complaint. Having thus stated his case, his proofs ought to be confined to it, and if he has proved a different case, however meritorious, he should be defeated." See, also, *Milburn* v. *Philips,* 136 Ind. 680, 695; *Boardman* v. *Griffin,* 52 Ind. 101; *Terry* v. *Shively,* 64 Ind. 106; *McConnell* v. *Citizens State Bank, etc.,* 130 Ind. 127. And in the recent case of *Sanders* v. *Hartge,* 17 Ind. App. 243, speaking of the above rule as laid down by the Supreme Court, it was said: "It is of the highest importance to the administration of the law, that courts should adhere

most tenaciously and strictly to this rule of pleading, which requires the pleader to be bound by his cause of action as stated by him.   Otherwise his adversary could have no assurance of the facts he would have to controvert to meet his attacks, and would be taken unaware in the forensic encounter at the bar." In the case of the *Toledo, etc., R. Co.* v. *Levy,* 127 Ind. 168, the Supreme Court, speaking by Coffee, J., said: "A complaint cannot be made elastic so as·to bend to the changing views of counsel as the case proceeds.   It must proceed to the end upon the theory upon which it is constructed."   We must thus conclude that there is no evidence in the record in this cause which sustains the material allegations of appellee's complaint, and that the lower court erred in refusing to grant appellants' motion for a new trial.

The judgment is therefore reversed, with instructions to the lower court to sustain the motion for a new trial.