## St. Joseph Ice Company et al. v. Bertch.

[No. 4,843. Filed May 17, 1904. Rehearing denied October 5, 1904.]

NEGLIGENCE —*Trespassers.*—*Licensees.*—The owner of private grounds is under no obligation to keep them in safe condition for the benefit or protection of trespassers or mere licensees, or those who come upon them without any invitation express or implied. *p. 493.*

SAME.—*Collapse of Building.*—*Damage to Adjoining Owner.*—Where the insecurity of a structure causes damages to an adjoining landowner, or to one occupying such land in the accomplishment of some lawful purpose by agreement with the owner, the owner of the land is liable if he has failed to exercise reasonable care and skill in the construction or repair of such structure. *p. 493.*

SAME.—*Collapse of Building.*—*Damages to Adjoining Owner.*—*Complaint.*— A complaint for damages for injury to plaintiff's boathouse caused by the collapse of defendant's ice-house, which the latter had failed to keep in repair, is bad where it was not shown by proper allegations that the boathouse was rightfully occupying the ground on which it was located. *pp. 493, 494.*

From Elkhart Circuit Court; *Anthony Deahl,* Special Judge.

Action by John Bertch against the St. Joseph Ice Company and others. From a judgment in favor of plaintiff, defendants appeal. *Reversed.*

*J. S. Dodge* and *J. S. Dodge, Jr.,* for appellants.

*P. L. Turner,* for appellee.

BLACK, J.—In the amended complaint of the appellee, which was held sufficient on demurrer, it was alleged that on a day in July, 1902, the appellee was the owner of a certain boathouse building, of the value of $150, located on the bank of the St. Joseph river, in the city of Elkhart, Indiana, immediately above the dam on that river, of which the appellee was in possession and rightfully occupying the same on that day; that he was on that day the owner of certain personal property, the particular articles consisting of fishing tackle, appliances, and accessories and other articles, their values being stated, all of the value of $89.50; the building and personal contents being of the value of $239.50; that the appellants then

were, and for many months before had been, the owners of a certain large wooden ice-house building located but a short distance from the appellee's house, and so close thereto that it was well known to appellants that if the ice-house should fall or collapse it would fall over and upon the appellee's house, and either demolish it or shove it into the river; that the ice-house then was, and for many months had been, rotten and decayed, and out of repair to such an extent that it was in danger of falling or collapsing, which facts were well known to the appellants, or, if not known, the appellants should have known them by the exercise of ordinary care and diligence; but notwithstanding such knowledge, and the duty of the appellants to have known such facts, they carelessly and negligently failed to repair the ice-house building, or in any manner to secure it so that it would not collapse or fall, but carelessly and negligently permitted it thus to stand without repairs; that the ice-house was a large building, about thirty feet high, fifty feet wide, and eighty feet long; that on the day before mentioned, on account of the rotten and decayed condition of this building, and on account of its weak condition, it collapsed, and, without any fault or negligence on the part of the appellee, it fell and struck his house and shoved it, with said personal property therein, out into the St. Joseph river, whereupon the same was washed over the dam in that river, and the building and personal property as aforesaid were thereby lost and destroyed. Wherefore, etc.

The complaint did not sufficiently state a cause of action, if it may not be properly said that it showed, by the allegation of facts, the existence of a duty in the premises on the part of the appellants toward the appellee. See *O'Connor* v. *Andrews,* 81 Tex. 28, 16 S. W. 628; *Hannem* v. *Pence,* 40 Minn. 127, 41 N. W. 657, 12 Am. St. 717; *Mullen* v. *St. John,* 57 N. Y. 567, 15 Am. Rep. 530; *Barnes* v. *Beirne,* 38 La. Ann. 280; *Lynds* v. *Clark,* 14 Mo. App. 74.

The appellee's boathouse is not represented as floating or as passing or being conveyed on or along a public highway or upon public grounds, but is said to have been located on the bank of the river, presumably, therefore, on private grounds, on a certain day. It is not shown how long it had been there located. The ice-house, it is said, had been in its situation and condition for many months. It is not definitely shown whether or not the boathouse was upon ground owned or controlled by the proprietors of the ice-house, or by the appellee, or by a third person. It is a well-established general rule that the owner of private grounds is under no obligation to keep them in a safe condition for the benefit or protection of trespassers or mere licensees, or those who come upon them without any invitation, express or implied, but for their own purposes or pleasure, or for the gratification of their curiosity, though their purpose be innocent or even laudable. It does not appear that the boathouse was placed upon the premises under any contract, invitation, or permission to which the appellants were parties; and if any duty on their part to exercise care with reference to the boathouse existed, it must be based on some other reason. If such damages occur to the owner of neighboring land, or to one occupying such land in the accomplishment of some lawful purpose by agreement with the owner (as in *Lynds* v. *Clark, supra)*, the proprietor whose structure, by reason of its insecurity, has caused the damage will be held to have been bound to exercise reasonable care and skill both in the original construction and in the inspection and the repairing of such structure; but this rule can not be applied here in the determination of the question as to the sufficiency of the complaint on demurrer, for the facts which would make it applicable are not sufficiently stated.

It is alleged that the appellee, on a day referred to, was the owner of the boathouse located on the bank of the river, of which he was in possession, and which he was rightfully

occupying on that day. This does not seem to be equivalent to a statement of facts from which the court could determine, as a matter of law, that the boathouse was rightfully occupying the ground on which it was located, or that it was located in the situation which it occupied by virtue of antecedent facts set forth which conferred upon the appellee a right so to locate the structure. The mere fact that the appellee was the owner and in possession of the ice-house would not raise the duty, and the additional allegation that he was rightfully occupying the ice-house on that day, when considered with reference to the question as to the necessity of showing such a relation between the parties as to create a duty on the part of the appellants toward the appellee with regard to the stability and safety of the ice-house, can not be deemed more than an allegation of a conclusion of law.

The judgment is reversed, and the cause is remanded, with instruction to sustain the demurrer to the complaint.