## MITCHELL *v.* CITY OF TELL CITY.
[No. 5,986.   Filed February 21, 1908.]

1. TRIAL.—*General Verdict.—Interrogatories.—Presumptions.*—A general verdict for the plaintiff is a finding of all the facts favorable to plaintiff provable under the complaint; and no presumptions nor intendments will be made against the general verdict or in favor of the answers to the interrogatories.  p. 295.

2. PLEADING. — *Complaint. — Municipal Corporations. — Trenches Across Sidewalks.*—A complaint alleging that defendant city negligently cut a trench two feet wide and from one foot to eighteen inches deep at the intersection of two streets, and negligently maintained such ditch, without warning or signal, along the sidewalk where pedestrians were compelled to cross and that plaintiff in passing along the street in the night stepped into such ditch, receiving injuries, states a cause of action, the necessary inference being that the ditch was left open.  p. 295.

3. TRIAL.—*Interrogatories.—Assumption of Facts.*—Facts assumed in the interrogatories to the jury can not be considered as established by the answers thereto.  p. 296.

4. SAME. — *Interrogatories. — Contradictions.* — Contradictory answers to interrogatories do not establish a fact in issue.  p. 297.

From Dubois Circuit Court; *E. A. Ely,* Judge.

Action by Fannie B. Mitchell against the City of Tell City.   From a judgment for defendant on the answers to interrogatories, notwithstanding a general verdict for plaintiff for $1,000, plaintiff appeals.   *Reversed.*

*John W. Ewing, Cox & Hunter* and *Sol H. Esarey,* for appellant.

*John T. Patrick, Oscar C. Minor* and *Bretz & McFall,* for appellee.

RABB, J.—Appellant sued appellee to recover damages for injuries claimed to have been sustained by her through the negligence of the appellee. There was a jury trial, resulting in a general verdict in favor of the appellant, with answers to interrogatories submitted by the court to the jury, and returned by them with their general verdict. Appellee's motion for judgment in its favor on the answers to the interrogatories was sustained, and, over appellant's objection and exception, judgment was rendered in favor of the appellee notwithstanding the general verdict. The correctness of this ruling is the sole question presented by the record in this cause.

The general verdict in favor of appellant was a finding in her favor of every fact properly averred in the complaint, and every fact essential to sustain the appellant's

1. action reasonably inferable from the facts properly averred therein. All reasonable presumptions, inferences and intendments will be indulged in support of the general verdict, and it cannot be overthrown by the special findings, unless, upon the face of the record, they are so antagonistic that both cannot stand. No inference, presumption or intendment is indulged in support of or to extend the answers to the interrogatories returned with the general verdict. The complaint, which is far from

2. a model pleading, fairly alleges that appellee, at the intersection of Jefferson and Thirteenth streets in said city, negligently cut a ditch or trench from twelve to eighteen inches deep and two feet wide, with perpendicular walls, and negligently maintained said ditch or trench in said condition, in said place, for a period of two months. We think that it is fairly to be inferred from these allegations that the appellant cut an open ditch or trench, of the alleged depth and width, along the side of the sidewalks of

Jefferson and Thirteenth streets, where they intersect, and that this open ditch intersected the line of travel of pedestrians passing along the sidewalks and across said streets. It is averred that for a period of six weeks said condition was permitted to remain, without light or signal of any kind to warn persons using said street and sidewalk after dark, and prevent them from falling into said ditch, and that as appellant was passing along the sidewalk on Jefferson street, after nightfall, at a time when there was no light of any kind at said street crossing, she, although using due care upon her part, stepped into said ditch and was injured. No demurrer was filed to the complaint, nor any motion to make it more specific. The issue was formed by a general denial.

The charge that a ditch eighteen inches deep and two feet wide was cut and maintained by the appellee means an open ditch, and repels any inference that the same was provided with a suitable bridge. It is claimed by appellee that the answers to the interrogatories show that the ditch in question at the street crossing was provided with a safe and suitable bridge upon which pedestrians using the street and exercising due car might safely cross, either by day or night. This claim is not well founded. No interrogatory was propounded to the jury calling for a finding as to whether the ditch was bridged. Some interrogatories were propounded to the jury which assumed the existence of a bridge, and it might be inferred from the jury's answers to such interrogatories that there was a bridge over the ditch, two feet wide and made of sound oak boards. But this would be simply an inference, and nothing is to be inferred in support of the interrogatories. Facts found in answer to interrogatories, in order to overcome the general verdict, must appear directly, and not by way of inference or presumption.

It is contended that the answers to the interrogatories affirmatively show that appellant, at the time she ventured

to cross the ditch, knew of its condition and its danger, and was therefore guilty of contributory negligence in venturing to cross the ditch in the darkness of the night.    Upon the question of appellant's knowledge of the dangers to be encountered, the answers to the interrogatoris are contradictory, and can therefore furnish no sufficient basis to sustain the judgment rendered upon them.

The cause is reversed, with instructions to the court below to grant a new trial.