## CLARK, ADMINISTRATRIX, *v.* CITY OF HUNTINGTON.

[No. 10,302.   Filed May 12, 1920.   Rehearing denied October 13, 1920.   Transfer denied December 16, 1920.]

1. PLEADING.—*Complaint.—Duplicity.—Theory.—*If a cause of action is stated upon two distinct theories in the same paragraph of complaint, plaintiff must proceed only upon one theory, and must establish his right of recovery upon that adopted or fail in his cause of action.   p. 444.

2. PLEADING.—*Complaint.— Theory.— Determination.—* The theory upon which plaintiff's case rests must be determined by the court from the general tenor and character of the pleading in passing upon its sufficiency, and the theory so determined must be the one apparent and clearly outlined by the leading averments.   p. 444.

3. NEGLIGENCE.—*Use of Private Way by Licensee.—Duty of Owner.—*Where one traveling over a private way as a mere licensee was injured by falling from a retaining wall, the owners controlling the property owed him no duty as to the condition of the premises, except that they could not knowingly expose him to a hidden peril or wilfully cause him injury, and under such right the injured party entered upon the way at his own risk.   p. 444.

4. NEGLIGENCE.—*Use of Private Way for Hire.—Duty of Owner.* —Where decedent's employer had paid for the privilege of using a private way owned by others, decedent, as a user for hire, was there as an invitee of the owners, who owed to him the duty of having such way in a reasonably safe condition, and to give warning of any concealed perils.   p. 445.

5. NEGLIGENCE.—*Use of Private Way by Invitee.—Concealed Perils.—Owners' Duty to Give Warning.—*It was the duty of the owners of a private way to one using it as an invitee to give warning of any latent or concealed perils on the way, or in such immediate proximity thereto as to constitute substantially a part thereof, but there can be no recovery for the death of such invitee resulting from his falling from a retaining wall, where the place of danger was as well known to the invitee through continued observation as it was to the owners of the way.   p. 445.

6. NEGLIGENCE.— *Private Way.— Public Use by Invitation.— Duty of Owner.*—Where one establishes a private road or way upon his own ground, and expressly or impliedly invites the public to use it, he must exercise reasonable care and diligence to maintain it in safe condition for those traveling over it, and must keep it free from dangerous obstructions and pitfalls. p. 446.

7. NEGLIGENCE.—*Private Way.—Use by Invitee.—Personal Injuries.—Assumption of Risk.*—Where a member of the public who was invited by the owner to use a private way did so with full knowledge of the existence of a dangerous pitfall which caused his death, he assumed the risk, even though he had forgotten the pitfall at the time, and there can be no recovery for his death.   p. 447.

8. MUNICIPAL CORPORATIONS.—*Use of Way.—Personal Injuries.—Complaint.—Inconsistent Theories.*—In an action for wrongful death against a city and the alleged owners of a way in using which decedent was killed, a complaint alleging that such way was owned by the city's codefendants, that decedent, at the time he was killed, was using the way on the invitation of such codefendants, and that such codefendants negligently failed properly to guard against injury thereon, *held* inconsistent with the theory that the way had been dedicated to public use.   p. 448.

9. DEDICATION.—*Ownership of Fee.*—The fee of realty dedicated to public use remains in the dedicator.   p. 449.

From Wabash Circuit Court; *Charles A. Cole,* Special Judge.

Action by Mary L. Clark, administratrix of the estate of Dora Clark, deceased, against the city of Huntington and others. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*Branyan & Branyan* and *Switzer & Bent,* for appellant.

*Bowers & Feightner, Eben Lesh, U. S. Lesh* and *Sumner Kenner,* for appellees.

NICHOLS, C. J.—This action was commenced in the Huntington Circuit Court and the venue, on affidavit of appellant, was changed to the Wabash ·Circuit Court. The substance of the first paragraph of the com-

plaint, which complaint is very long, covering seventeen pages of the transcript, is as follows: Appellee city of Huntington has a population of about 15,000, with the usual officers for such cities. Appellee Whitelock Press is a corporation, with its principal office located in said city, and appellees Hawley and Whitelock are business men located with their business in said city. Jefferson street is one of the principal streets of said city, and in 1915 was traveled more than any other street therein. It runs from the northwest to the southeast, crossing "Little Wabash" river at right angles a little south of, but near, the center of the city. At the place of crossing there is a small island in the center of the stream called "The Island," which island is crossed by said street. There are two low truss bridges across said river and island. At the north end of the north bridge there is a stone abutment, from which a wall extends in an easterly direction along the north bank of said river, which wall is built with the west end thereof against the north abutment of said north bridge and is about seventeen feet in height near the abutment, and sixteen to eighteen inches in width across the top. Said wall was constructed by appellees, other than the city, eight years ago, at which time said appellees, other than the city, opened a right of way for foot travel, horses, wagons, buggies and all sorts of motor vehicles from Jefferson street at the north end of said bridge running in an easterly direction along the north bank of said river and parallel with said wall, and continuing easterly until it intersected certain other driveways and alleys which run in a general north and south direction and passing what is known as the J. B. Bartlett Trucking Company Plant, and also the Home Lumber Company Plant, where said alleys are intersected by said driveway so opened, which driveway finds its outlet in another street in said city, known as State street, run-

ning east and west, which is also a great thoroughfare. Said Jefferson street is traveled day and night continuously by thousands of travelers. Said driveway and alley form a complete egress and ingress and are a continuous passageway from Jefferson street to State street. Such driveway is substantially on a level with the top of said wall. Said wall is perpendicular, with timber posts extending out of the top thereof in an upright position about five feet and about five inches in diameter, and six or eight feet apart, presumably for the purpose of attaching bars, wires, or other form of barricade thereto to prevent travelers from falling over said wall into the river or upon the rocks and ledges below. There are no bars or any form of barricade, nor were any ever stretched from said posts, except temporarily, as hereinafter stated. Said wall and posts have been standing without barricades for more than eight years, and appellees and each of them, including the said city, permitted said wall, posts and driveway to remain as aforesaid for eight years negligently and indifferently. Appellees suffered the public to pass over said driveway and also filled the uneven places, thereby making an approach to the same from Jefferson street. In order to make the driveway wider, they cut off about two feet of the side railing on the east side of the north end of said bridge, and at such point where appellant's decedent fell over the wall and met his death. Appellee city knowingly permitted such cutting and alteration of said bridge so as to widen said driveway. Said city also participated in said opening of said driveway by having its officials and street commissioner to superintend a part thereof, namely, the portion of the sidewalk on Jefferson street where said approach from said street into said driveway was constructed, and said city also further recognized said driveway at other times by placing a temporary barri-

cade upon said posts in said wall to prevent the populace from falling over the same, and by other acts aforesaid appellees invited the public to use said driveway as a part of the system of the streets and alleys of said city, and the public did use said driveway by its foot passengers and all sorts of conveyances for about eight years. There was a contract between the appellees, other than the city, that they would build said wall and construct said driveway for their mutual use and for the use of the property owners, which agreement between said appellees was based upon a valuable consideration, and such wall was constructed and such driveway was opened and prepared pursuant to said agreement, and has been so used for eight years. Said driveway is about twenty feet in width, and intersects Jefferson street as aforesaid. The Whitelock Press conducts a printing office in a building fronting on Jefferson street, the ground of which is bounded on the south by said driveway so opened. All of said appellees at all times treated said driveway as open for the public by their use of it, and by permitting others to use it in a public way, and that the ground over which said driveway runs and said wall was built is owned by appellees Whitelock Press, Orlando W. Whitelock and Wesley W. Hawley. Said city is being operated, and was in November, 1915, operated, as a city of the fourth class, and for more than twenty-five years, through its officials and servants, it has had supervision over all the streets and alleys within its corporate limits, and since January 1, 1914, it has had a board of public works. It was at last said date bound to exercise due care over all its streets and alleys, and to keep and maintain them in a reasonably safe condition for the public to travel on and along, but that for eight years it negligently suffered said wall adjoining Jefferson street, and the pit seventeen feet in depth formed by the construction of said wall, and the

opening of said driveway immediately adjacent to Jefferson street aforesaid, to remain in the dangerous condition for foot travelers and those operating vehicles on and along said way. On the evening of November 12, 1915, just after night had fallen, the decedent, Dora Clark, was coming from the J. B. Bartlett Trucking Company's plant, and was passing over the said driveway on foot toward the bridge, with the intention of entering upon said bridge, and when he got to the end of the bridge, believing he was up to it, turned to his left to enter upon the sidewalk upon the bridge immediately adjacent to it, fell over the wall seventeen feet upon the ledges of the rock below, and was so injured that his death resulted within five days. At the time said decedent fell over the wall, and prior thereto, he was proceeding with due care, was in a place where he had a right to be, was without fault, was wholly free from negligence, and did not in any way contribute to his own injury; but, because of the darkness, and on account of the absence of a barricade on said wall at the point where it united with said bridge, and on account of the side railing of said bridge being cut off as aforesaid, and on account of the negligent failure of the appellees to place barricades and railing along said wall, and on account of the negligent failure of the city to construct and maintain a proper barricade, decedent thereby lost his life. Had there been a suitable barricade on the wall, the decedent would not have fallen. Decedent, prior to his death and for a long time prior thereto, was in the employ of the J. B. Bartlett Trucking Company of said city, which company was operating a general trucking and transfer business in said city, and was the owner of the lot fronting on said State street, upon which lots were sheds for trucks and horse stables. These buildings were on the ground west of said alley. Said trucking company had paid $25 for

the right to use said driveway, and said decedent was included in such right and privilege to go along said way to and from his work for said trucking company, and was so exercising said right at the time of his injury and death as herein averred.   He left surviving him, as his only heirs at law, his widow and two sons and a daughter, who were dependent upon him for support.   Appellee Hawley is and was at all times the sole owner of the wall in question, and said Orlando Whitelock and the Whitelock Press are the owners, and at all times were the owners, of the "way" in question.   There is a prayer for judgment in the sum of $10,000.

The second paragraph, so far as concerns this decision, is substantially the same as the first, but more specifically avers that for several months preceding the accident the decedent, in going to and from his employment with said trucking company, passed to and from said trucking company's office and barns, along and over the driveway, which was the shortest and most convenient way for decedent to go to and from his place of employment, and on the evening of November 12, 1915, after dusk, and having finished the day's work at the trucking company's barns, he started on foot to go to his home through and over said driveway parallel with said retaining wall, when he was injured as averred in the first paragraph of complaint.

It is to be observed that the complaint in this action seems to be drawn upon a double theory, the one being that appellant's decedent was rightfully upon the premises when injured, as an employe of the trucking company, which said company had paid a consideration of $25 for the right to use the driveway involved, such decedent being included in the right and privilege to go along said way, and being in the exercise of that right in going to and from his work for said trucking company, when injured; and the other theory being that

the way, although a private way, was opened to the public, and that by implication the public were invited to use it, appellant's decedent, of course, being one of such public so invited.

It is a rule of law that, if a cause of action is stated upon two distinct theories in the same paragraph of complaint, the plaintiff must proceed only upon one theory, and must establish his right of recovery upon the theory adopted, or fail in his action. The theory upon which the case rests must be determined by the court from the general tenor and character of the pleading in passing upon its sufficiency, and the theory so determined must be the one apparent and clearly outlined by the leading averments. *State, ex rel.* v. *Scott* (1908), 171 Ind. 349, 86 N. E. 409; *Richardson* v. *League* (1899), 21 Ind. App. 429, 52 N. E. 618; *Cleveland, etc., R. Co.* v. *Stewart* (1900), 24 Ind. App. 374, 56 N. E. 917; *Carpenter* v. *Willard Library* (1901), 26 Ind. App. 619, 60 N. E. 365; *Dyer* v. *Woods* (1906), 166 Ind. 44, 76 N. E. 624; *Oolitic Stone Co.* v. *Ridge* (1908), 169 Ind. 639, 83 N. E. 246; *Fowler* v. *Ft. Wayne, etc., Traction Co.* (1910), 45 Ind. App. 441, 91 N. E. 47.

Because of the specific averment in the complaint that appellant's decedent was in the exercise of his right to use such way as an employe of the trucking company at the time that he was injured, the court adopts that theory. We may say that, if appellant's decedent was traveling over the private way involved as a mere licensee, then appellees owed him no duty as to the condition of the premises, save that they should not knowingly expose him to a hidden peril or wilfully cause him injury. Under such a right appellant's decedent entered upon the way at his own risk. *Faris* v. *Hoberg* (1893), 134 Ind. 269, 33 N. E. 1028, 39 Am. St. 261; *St. Joseph Ice Co.* v. *Bertch* (1904), 33

Ind. App. 491, 71 N. E. 56; *Baltimore, etc., R. Co.* v. *Slaughter* (1906), 167 Ind. 330, 79 N. E. 186, 7 L. R. A. (N. S.) 597, 119 Am. St. 503. But since the decedent's employer had paid for the privilege of using appellee's private way, such decedent, as a user for hire, it seems to us, was there as an invitee of appellees, to whom they owed the duty of having such way in a reasonably safe condition, and to give warning of any concealed perils. *Fairmount, etc., Assn.* v. *Downey* (1897), 146 Ind. 503, 45 N. E. 696; *Baltimore, etc., R. Co.* v. *Slaughter, supra.* It was appellees' duty to give warning of any latent or concealed perils upon their private way or in such immediate proximity thereto as to constitute substantially a part thereof. See, 20 R. C. L. §51, and a long list of authorities there cited. But it will be observed that the perils mentioned above are those that are concealed, such as are not known to the person injured. The true ground of appellees' liability is their superior knowledge of peril and of the danger therefrom to persons going upon the way. If the danger involved in this action was known only to the appellees, and was not known to the deceased then a recovery is permitted. *Donaldson* v. *Wilson* (1886), 60 Mich. 86, 26 N. W. 842, 1 Am. St. 487; *Lowe* v. *Salt Lake City* (1896), 13 Utah 91, 44 Pac. 1050, 50 Am. St. 708. As appears by the averments of the complaint, appellant's decedent had been in the employ of the trucking company for several months preceding the date of the accident, and in going to and from his place of employment he passed along and over the driveway, which was the shortest and most convenient way to go to and from his place of employment. He lived on the south side of the river and west of Jefferson street, and necessarily passed immediately by the dangerous location involved. These averments, in substance, in both paragraphs of the complaint, by

clear implication show that appellant's decedent had full knowledge of the conditions surrounding the place of the accident.   He had to know that the pitfall was there, and of the fact that it was dangerous.   As a place of danger it must have been as well known to appellant's decedent as it was to appellees, and therefore there is no liability for the death resulting from the injuries which he sustained in falling over the wall.   *Lepnick* v. *Gaddis* (1894), 72 Miss. 200, 16 South. 213, 26 L. R. A. 686, 48 Am. St. 547; *Lary* v. *Cleveland, etc., R. Co.* (1881), 78 Ind. 323, 41 Am. Rep. 572; *Hoyt* v. *Woodbury* (1909), 200 Mass. 343, 86 N. E. 772, 22 L. R. A. (N. S.) 730.

Even if the court were to adopt the theory that the way was a private way to which the public had been invited, still appellant cannot prevail in this ac-

6. tion.   It is true that it has been many times held that, when one establishes a private road, path, or way upon his own ground, and expressly or impliedly invites the public to use it, he is under obligation to exercise reasonable care and diligence to keep it in a safe condition for the benefit of any one who may elect to use it, that is to say, to keep it free from dangerous obstructions, pitfalls, etc.   1 Thompson, Negligence §1012.   *Campbell* v. *Boyd* (1883), 88 N. C. 129, 43 Am. Rep.   740; *Lawson* v. *Shreveport Waterworks Co.* (1903), 111 La. 73, 35 South. 390; *Marsh* v. *Minneapolis Brewing Co.* (1904), 92 Minn. 182, 99 N. W. 630; *Northwestern, etc., R. Co.* v. *O'Malley* (1903), 107 Ill. App. 599; *Sears* v. *Merrick* (1899), 175 Mass. 25, 55 N. E. 476; *Overholt* v. *Vieths* (1887), 93 Mo. 422, 6 S. W. 74, 3 Am. St. 557; *Sweeny* v. *Old Colony, etc., R. Co.* (1865), 10 Allen (Mass.) 368, 87 Am. Dec. 644; *Adams* v. *Iron Cliffs Co.* (1889), 78 Mich. 271, 44 N. W. 270, 18 Am. St. 441; *Evansville, etc., R. Co.* v. *Griffin* (1885), 100 Ind. 221, 50 Am. Rep. 783; *Pittsburgh,*

*etc., R. Co.* v. *Simons* (1907), 168 Ind. 333, 79 N. E. 911; *Lake Erie, etc., R. Co.* v. *Fleming* (1915), 183 Ind. 511, 109 N. E. 753; *Baltimore, etc., R. Co.* v. *Slaughter, supra; Indiana, etc., R. Co.* v. *Barnhart* (1888), 115 Ind. 399, 16 N. E. 121.   But as the appellant's decedent knew of the existence of the place of danger, and

7.   attempted to pass it when it was so dark that he could not see, he took the risk upon himself, even if at the time he had forgotten the existence of the obstruction, and, as his death resulted from the injury received under such circumstances, appellant cannot recover.   *Bruker* v. *Town of Covington* (1879), 69 Ind. 33, 35 Am. Rep. 202; *Evansville, etc., R. Co.* v. *Griffin, supra; Town of Gosport* v. *Evans* (1887), 112 Ind. 133, 13 N. E. 256, 2 Am. St. 164; *Sale* v. *Aurora, etc., Turnpike Co.* (1897), 147 Ind. 324, 46 N. E. 669; *City of Muncie* v. *Hey* (1905), 164 Ind. 570, 74 N. E. 250; *City of Bluffton* v. *McAfee* (1899), 23 Ind. App. 112, 53 N. E. 1058; *City of Bloomington* v. *Rogers* (1893), 9 Ind. App. 239, 36 N. E. 439; *Rogers* v. *City of Bloomington* (1899), 22 Ind. App. 601, 52 N. E. 242; *Mitchell* v. *City of Tell City* (1908), 41 Ind. App. 294, 83 N. E. 735; *Weber* v. *City Water Co., etc.* (1917), 206 Ill. App. 417. Upon either theory we reach the same conclusion—that appellant cannot recover in this action.   There was no error in sustaining the demurrers to the complaint. The judgment is affirmed.

## ON PETITION FOR REHEARING.

NICHOLS, J.—Appellant contends in her brief on rehearing that the fact that the complaint had a double theory ought not to cause it to be held bad if the allegations were sufficient to support either theory.   In the original opinion the court did not hold that the complaint was bad because it contained a double theory, but because it was insufficient upon the theory most ap-

parent upon the face of it. In the case of *Cleveland, etc., R. Co.* v. *Stewart* (1920), 24 Ind. App. 374, 56 N. E. 917, a double theory was contended for as against demurrer, and the court said: "A complaint must be construed upon the theory which is most apparent and clearly outlined by the facts stated therein. As only one theory can be contained in a single paragraph, the court must construe the pleading most strongly against the pleader, and determine the theory from its prominent and leading allegations." Other cases to the same effect are *Miller* v. *Miller,* 17 Ind. App. 605; *Dyer* v. *Woods* (1906), 166 Ind. 44, 76 N. E. 624; *Indiana Life, etc., Co.* v. *Reed* (1913), 54 Ind. App. 450, 103 N. E. 77.

In the original opinion we decided that the complaint was insufficient not only upon the theory most apparent, but also upon another theory. Appellant 8. urges in her brief on rehearing that we should decide whether it is good on still another theory, that of dedication. Having adopted the theory which to us seems most apparent, we are not required now to discuss the sufficiency of the complaint upon a third theory, which appellant points out, but, if we were required so to do, we would say that the theory of dedication is inconsistent with the averments of the complaint. It is averred therein that the ground over which the driveway runs and said wall was built is owned by appellees, Whitelock Press, Orlando W. Whitelock and Wesley Hawley. Again it is averred that appellant's decedent at the time he received his injuries was using said driveway upon the invitation of appellees, and that all of said appellees were guilty of negligence in failing properly and sufficiently to guard or barricade the precipice over which he fell, and again that appellee Hawley was at all times the sole owner of the wall in question. We are not unmindful of the principle that,

where there is a dedication to the public use, the fee of the real estate dedicated remains in the dedicator, but, notwithstanding this principle, the foregoing allegations in the complaint, coupled with a demand upon the part of appellant for damages against the owners of the driveway and wall, are inconsistent with the theory of dedication.

The petition for rehearing is overruled.