## STANDARD OIL OF INDIANA *v.* MEISSNER.

[No. 15,147. Filed March 12, 1936. Rehearing denied July 2, 1936. Transfer denied October 2, 1936.]

*Samuel D. Miller, Sidney S. Miller, George R. Jeffrey* and *Jackson & Jackson,* for appellant.

*Wycoff & Wycoff,* for appellee.

KIME, P. J.—This action was brought by the appellee to recover damages from the appellant for personal injuries sustained by reason of appellant's alleged negligence. The complaint was in one paragraph, to which appellant filed answer in general denial and upon the issues thus formed the cause was tried before a jury, which returned a verdict against the appellant and in favor of appellee for $2,300.00. Judgment in that amount and costs was entered against the appellant. The appellant's motion for new trial containing twenty grounds was overruled and this appeal followed. The error assigned is that the court erred in overruling said motion for a new trial.

The plaintiff proceeded upon the theory that the appellant had removed a level sidewalk of a portion of its property and substituted therefor a slanting approach to their property which covered the same area that the sidewalk had covered; that this slanting pavement was five feet nine inches wide; that it was about seven feet from the property line to the gutter and in this seven feet there was a seven-inch fall, the first eighteen inches

falling about one-half inch and the balance of the slant being gradual up to the property line. That because of such construction of that space it made it inconvenient for pedestrians to walk thereon and it was customary for the majority of the pedestrians using such way to step upon the level portion of the appellant's premises adjacent which was concreted level almost to the entire extent of the lot. Said lot was 65 feet long on Main Street and 56 feet deep. That the slanting portion did not start at the northern edge of the property line on Main Street but a few feet therefrom; that when pedestrians reached this point it was customary for them to step upon the level portion as aforesaid and continue on said level portion for 45 feet 6 inches where there was again a level sidewalk at the corner of Main and Boehringer Streets.

That on the 5th day of July, 1932, the appellee was going south on Main Street walking on the left side near the inside of the sidewalk with another woman to her right and two women immediately behind them in the party; that when they came to the slanting portion they turned left and stepped upon the level portion of the concrete area, and while progressing very slowly appellee fell into a concrete greasing pit located seventeen feet three inches east of the conjunction of the level portion with the slanting portion whereby she was injured and for which injuries she seeks damages.

It appears from the undisputed evidence that the appellee and the other three members of her party were talking as they progressed, and that it was their intention, when leaving the house on the second lot north of the property of appellant, to go to the corner of Main and Boehringer Streets and then to the right and continue down Boehringer Street to the west; that when they came to the slanting portion they turned left and entered upon the level portion continuing their conversation and very shortly thereafter the appellee fell into

the greasing pit located seventeen feet three inches immediately east of the inside sidewalk line.

The undisputed evidence further shows that the appellee had conducted a motion picture show on the lot across the street from the one immediately adjacent to the lot to the north of appellant's property for the entire period that the appellant's property had been in existence as presently constructed; that during all this time she sold tickets and that the window of the picture show booth where she sold tickets was within full view of the premises of the appellant.

Furthermore that it had been her custom during the entire existence of this property to go to the home, from which she had departed on that particular night, frequently, and that she passed the premises of the appellant on an average of three or four times a week during the entire existence of the appellant's property which was about four years in its then condition.

That appellee and the three other women accompanying her all lived in the immediate neighborhood, one of the women being the one from whose home she departed, immediately before the accident, two doors north of appellant's property and all testified that they were entirely familiar with the condition, location, building and greasing pit of the appellant's property.

The evidence discloses without contradiction that there was near the corner of Main and Boehringer Streets, on Boehringer Street, a boulevard type street light and the testimony was that it was burning on this particular night.

The evidence further discloses that there were no objects between this light and the end of the pit into which appellee fell. The undisputed facts further show that there were no lights belonging to appellant burning on the premises on this particular night; that the night was clear and the sidewalk dry and that the

mother of this appellee, who was approximately three feet behind her, saw the pit. There is no showing that appellee's vision was defective nor that her mother's vision was any better than was that of the appellee.

The appellant contends under the assignment that the court erred in overruling the motion for a new trial that the verdict is not sustained by sufficient evidence; that under the uncontradicted evidence that the appellee was guilty of contributory negligence as a matter of law and that admitting that the construction of the sidewalk created an implied invitation to use appellant's property; that the invitation carried with it only the right to use so much of the appellant's property as was necessary to pass the obstruction, and that the liability of the appellant was only co-extensive with the invitation. While the books are full of cases calling persons who have an implied license to use the premises of another under certain conditions, invitees, the law as announced in the Restatement of Law of Torts, classes all persons not trespassers, including business visitors as licensees and we believe this to be the better classification as all invitees are licensees of one kind or another. Under the Restatement of Law, *supra*, §340, it is said: "A possessor of land is not subject to liability to his licensees, whether business visitors or gratuitous licensees, for bodily harm caused to them by any dangerous condition thereon, whether natural or artificial, if they know of the condition and realize the risk involved therein." Section 341 is as follows: "A possessor of land is subject to liability to licensees, whether business visitors or gratuitous licensees, for bodily harm caused to them by his failure to carry on his activities with reasonable care for their safety, unless the licensees know or from facts known to them, should know of the possessor's activities and of the risk involved therein."

Conceding without deciding that the condition of the sidewalk here was an obstruction to travel and the level portion immediately adjoining was an invitation to persons using that way to come upon the land of the appellant for the purpose of avoiding the obstruction, yet it must also be established that appellee did not know of the condition and realize the risk involved. The appellee had left the home of her friend, the second door north of the property of the appellant, to go to the corner of Main and Boehringer Streets, being the corner occupied by appellant's property. There was on that corner a boulevard type light which was burning and there was, immediately in front of them, as they progressed westward, Main Street, the center of which was approximately in line with the sidewalk upon which they were traveling, the street being widened at this intersection, and the appellee knew the condition of the appellant's property, which included the existence of the greasing pit into which she fell. Under the decision of *Clark, Admx.* v. *City of Huntington* (1920), 74 Ind. App. 437, 127 N. E. 301, 128 N. E. 453, appellee was guilty of negligence and consequently should not have recovered a judgment here, as the uncontradicted evidence conclusively shows. This court in that case said (p. 447) : "But as the appellant's decedent knew of the existence of the place of danger, and attempted to pass it when it was so dark that he could not see, he took the risk upon himself, even if at the time he had forgotten the existence of the obstruction, and, as his death resulted from the injury received under such circumstances, appellant cannot recover."

Another ground for the motion for new trial was that the court erred in overruling the appellant's motion for a peremptory instruction at the close of all the evidence. This was also error under the decision at which we have

arrived and likewise the verdict of the jury was contrary to law.

Other grounds for the motion for new trial was in the giving and refusing to give certain instructions but in view of the conclusion we have reached here it is not necessary that they be discussed.

The judgment of the Ripley Circuit Court is reversed with instructions to sustain appellant's motion for a new trial.

Dudine, J., concurs in result.