(20 Misc. Rep. 689.)

RAUTH v. SCHEER.

(City Court of New York, General Term. July 2, 1897.)

1. DIRECTING VERDICT—EXCEPTIONS—QUESTIONS RAISED.

 Where defendant's attorneys requested permission to go to the jury on a plea of payment, which request was denied, but no exception taken to the ruling, the question whether there was any question of fact to be submitted to the jury, on conflicting evidence, was raised by an exception to the direction to the jury to return a verdict for plaintiff.

2. EVIDENCE OF PAYMENT.

 In an action to recover for goods sold and delivered by plaintiff's assignor to defendant, there was sufficient evidence on which to submit to the jury the question of payment, where plaintiff claimed $1,700, and defendant and a disinterested witness testified that plaintiff's assignor had stated in a conversation that there was only $70 due from defendant to him.

Appeal from trial term.

Action by Jacob Rauth against Jacob Scheer. From a judgment entered on a verdict for plaintiff, by direction of the court, defendant appeals. Reversed.

Argued before McCARTHY and SCHUCHMAN, JJ.

L. S. Finn, for appellant.

Franklin Bien, for respondent.

SCHUCHMAN, J. This is an appeal from a judgment entered on a verdict of a jury, by direction of the court. The action was brought to recover the sum of $1,750, less $50 paid on account thereof, for goods sold and delivered by one Lyonce Langer, the plaintiff's assignor, to the defendant. The answer does not deny the sale and delivery, but pleads as a defense—First, payment; and, second, payment by notes of third parties. A bill of particulars was ordered in regard to the second defense of payment, to wit, the notes of third parties. The order was not complied with, and an order was made precluding the

defendant from giving any evidence in regard to the defense of payment by the notes of third parties. The court, by directing a verdict in favor of the plaintiff, and against the defendant, adjudged that there was no conflict of evidence in the case, and no question of fact to be submitted to the jury; and, although the defendant's attorneys requested to go to the jury on the question of payment, the motion was denied, and no exception taken thereto; still we hold that, on an exception taken to the direction of the court to the jury to find a verdict for the plaintiff, the question is raised whether there is any question to be submitted to the jury on conflicting evidence. Although the second defense of payment by means of notes of third parties had been eliminated from the defense, still the general defense of payment remained pleaded in the answer, and the defendant had a right to give evidence thereunder. Such evidence was given, and the defendant and one disinterested witness, Louis Bernay, testified that the plaintiff's assignor, Mr. Langer, in a conversation had, stated that there were only $70 due from the defendant to the said Langer; and, although the evidence of payment on behalf of the defense is somewhat muddled, evasive, and not satisfactory, we conclude that there was sufficient to submit the question of payment to the jury.

Judgment appealed from reversed, and new trial granted, with costs to the appellant to abide the event.

McCARTHY, J., concurs.