### LEVY et al. KORN et al.

(City Court of New York, General Term. December 27, 1899.)

LANDLORD AND TENANT—DAMAGE FOR LEAKAGE.

It was error to dismiss plaintiffs' complaint against their landlords to recover damages for allowing water to overrun and leak from the floor above into the premises occupied by plaintiffs, where the floor from which the water came was vacant, and under the control of defendants, and the leak was caused by their negligence.

Appeal from trial term.

Action by Samuel Levy and another against Jacob Korn and others. From a decree dismissing the complaint, plaintiffs appeal. Reversed.

Argued before FITZSIMONS, C. J., and O'DWYER, J.

Max D. Steur, for appellants.
Jacob F. Miller, for respondents.

O'DWYER, J. This action was brought by the plaintiffs against the defendants as owners of the property No. 258 Grand street, for their negligence, by reason of which water, which was supplied to the floors in said premises above the one occupied by the plaintiffs, was negligently, and without any fault on the part of the plaintiffs, allowed to leak, overrun, and drip and flow into the premises occupied by the plaintiffs, causing the stock of merchandise carried by the plaintiffs to be damaged. An action lies by a tenant on the part of a building against his landlord, who occupies other parts, or who has the control of other parts, to recover damages for negligence in allowing injurious substances to leak through; and the principle that, as between landlord and tenant, the landlord is not bound to keep in repair without express contract, does not avail as a defense, if negligence be shown (Stapenhorst v. Manufacturing Co., 15 Abb. Prac. [N. S.] 355); and this action is the same as if one tenant was suing another, who occupied the premises above the one

occupied by the plaintiffs, and therefore the proof of the overflow was sufficient evidence of negligence (Simon-Reigel Cigar Co. v. Gordon-Burnham Battery Co., 20 Misc. Rep. 598, 46 N. Y. Supp. 416; Greco v. Bernheimer, 17 Misc. Rep. 592, 40 N. Y. Supp. 677; Moore v. Goedel, 34 N. Y. 527). There is no evidence in the defendants' case to explain the cause of this overflow or leakage, but it appears affirmatively in the plaintiffs' case that the accident was caused by the condition of the faucet, and the fact that the sink was stuffed up with ashes and dirt, and that the premises were in the control of the defendants, the tenant having removed therefrom some days previous to the accident. The court having dismissed the complaint, the plaintiffs are entitled to the most favorable inferences from the evidence, and all contested facts are to be treated as established in their favor. Pratt v. Insurance Co., 130 N. Y. 206, 29 N. E. 117; Higgins v. Eagleton, 155 N. Y. 466, 50 N. E. 287; Rauth v. Scheer, 20 Misc. Rep. 689, 46 N. Y. Supp. 539. The floor from which the water came was vacant at the time of the flow, and under the control and supervision of the defendants. This being so, it was error to dismiss the complaint.

The judgment and order appealed from must be reversed, and a new trial ordered, with costs to the appellants to abide the event.

FITZSIMONS, C. J., concurs.