### PETERS v. KELLY.

(Supreme Court, Appellate Division, First Department. December 11, 1908.)

1. LANDLORD AND TENANT (§ 124*)—PREMISES—PROPERTY INCLUDED—YARD AND OUTSIDE STAIRWAY.

　　Where a landlord leased three rooms on the second story of a tenement house, access to which was by an outside stairway in a yard back of another house and along a landing to the door, there was a hiring only of the rooms themselves, and not of the yard, stairway, and landing.

　　[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 438; Dec. Dig. § 124.*]

2. LANDLORD AND TENANT (§ 150*)—PREMISES—DUTY TO KEEP IN REPAIR.

　　The landlord having retained control of the stairway and landing, it was her duty to exercise reasonable care to keep them in suitable repair, which did not depend upon contract, but was raised by law without special agreement.

　　[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 150.*]

Appeal from Trial Term, New York County.

Personal injury action by Margaret Peters against Mary Kelly. From a judgment of dismissal, and an order denying a new trial, plaintiff appeals. Reversed, and new trial granted.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and HOUGHTON, JJ.

J. Brownson Ker, for appellant.

George H. Taylor, Jr., for respondent.

HOUGHTON, J. The defendant was the owner of a tenement house in the city of New York, consisting of a brick tenement in front and a small frame building in the rear. Entrance to the rear house was through the hallway of the front house and along the yard. The second story of the rear house consisted of three rooms, access to which was had by an outside stairway and landing. These three rooms were leased to one O'Hara by defendant's agent. The plaintiff had paid a visit to the tenant's wife, her sister, and as she was about to depart stopped upon the landing, which gave way, throwing her to the ground and inflicting the injuries for which this action is brought. At the commencement of the trial the plaintiff was permitted to amend her complaint by alleging that the defendant, as landlord, retained control of the landings, halls, and stairways of the premises in question, and at the suggestion of the court a further amendment was inserted to the effect that the defendant agreed to keep them in repair. At the close of the plaintiff's testimony the court dismissed the complaint, on the ground that there was no proof that the landlord retained control of the landing which fell.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

We think the learned trial court took an erroneous view of the evidence. The testimony shows that the tenant's wife, having seen a notice "To let" upon the premises, applied to the defendant's agent and asked him what rooms he had to let. He said he had three rooms in the rear house, access to which was by an outside stairway and along the landing to the door. Upon payment of the rent he gave her a. receipt to show to the janitress, who, he said, would give her the key. This evidence did not show a hiring of the yard adjacent to the house, and the stairway and the landing, together with the rooms, but only a hiring of the rooms themselves. This being so, it followed that the landlord retained control of the stairway and landing. Having retained such control, it became her duty to exercise reasonable care to keep the stairway and landing in suitable repair for use. Dollard v. Roberts, 130 N. Y. 269, 29 N. E. 104, 14 L. R. A. 238.

This duty did not depend upon contract, but was one which the law raised without special agreement, and the second amendment to the complaint suggested by the learned court was unnecessary, and did not have the effect of changing the action from tort to contract; for the whole burden of the complaint was negligence on the part of the defendant for failure to keep that part of the premises over which she retained control in reasonable repair. The plaintiff was lawfully upon the premises, and so far as appears exercised due care on her part. She proved a prima facie cause of action, and the dismissal of her complaint was erroneous.

The judgment and order must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.