### LOREFICE v. SARDELLA.

(Supreme Court, Appellate Term, First Department. January 7, 1915.)

1. LANDLORD AND TENANT (§ 76*)—SUBLETTING—WAIVER OF STIPULATION.
    A landlord, who receives rent from a subtenant, thereby prima facie waives the stipulation in the lease against subletting without his written consent.
    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 225–230; Dec. Dig. § 76.*]

2. LANDLORD AND TENANT (§ 169*)—DEFECTIVE PREMISES—EVIDENCE.
    The mere making by one of a lease of the first floor of a building is not proof that he owns or controls the entire building, and in the absence of proof to that effect he is not liable for injury to property on the first floor by leakage of water from an empty apartment above.
    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 644–646, 664–667, 681–684; Dec. Dig. § 169.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Giovannina Lorefice against Vito Sardella. From a judgment of the Municipal Court, dismissing the complaint, with costs, at the close of plaintiff's case, she appeals. Affirmed.

Argued December term, 1914, before GUY, BIJUR, and PAGE, JJ.

Philip Edward Ittmann, of New York City (Joshua Haberman, of New York City, of counsel), for appellant.

Hirson & Bertini, of New York City (Max M. Hirson, of New York City, of counsel), for respondent.

PAGE, J. The action was brought to recover damages for injury to the plaintiff's property, caused by leakage of water from an empty apartment above, from a broken water pipe. The plaintiff occupied the rear of a barber shop, which was leased by the defendant to Alpino,

Giaretto & Co. The front of the store was occupied by Giaretto as a barber shop, and the rear was used originally by Alpino as a hair-dressing parlor, and was subleased by Alpino to the plaintiff. There is evidence that after the subletting to the plaintiff the defendant accepted rent from her with knowledge thereof, and impliedly assented to her tenancy. It was also shown that the cause of the leakage of water was that a rag was tied around a broken pipe in the empty apartment above by the defendant, instead of having it mended.

[1, 2] The learned trial justice dismissed the complaint without prejudice to another action, on the ground that there was no proof of a waiver of a condition in the lease against subletting without the written consent of the landlord. I am of the opinion that this was error, and that the plaintiff made out a prima facie case of waiver by acceptance of the rent by the landlord. Had there been proof that the landlord was the owner of or in control of the rest of the property, or was in control of the apartment in which the leak occurred, I would be of the opinion that the judgment should be reversed. Levy v. Korn, 30 Misc. Rep. 199, 61 N. Y. Supp. 1109; Harris v. Boardman, 68 App. Div. 436, 73 N. Y. Supp. 963; Peters v. Kelly, 129 App. Div. 290, 113 N. Y. Supp. 357; Donaldson v. Wilson, 60 Mich. 86, 26 N. W. 842, 1 Am. St. Rep. 487. But there is no such proof in the record. It is true that, had the point been raised in the court below, the proof could probably have been made; but, since it was not, it cannot be said that the plaintiff made out a prima facie case. The making of the lease by the defendant to Alpino, Giaretto & Co. of the first floor was not sufficient proof that the defendant owned or controlled the entire building.

The dismissal was not on the merits, and the judgment should be affirmed, with costs. All concur.