Judgment reversed, new trial ordered, with costs to appellant, to abide event.

BIJUR and PAGE, JJ., concur.

Judgment reversed.

---

GIOVANNINA LOREFICE, Appellant, *v.* VITO SARDELLA, Respondent.

(Supreme Court, Appellate Term, First Department, January, 1915.)

Landlord and tenant — when stipulation against subletting waived — when landlord not liable for injury caused by leakage of water.

A stipulation against subletting without the written consent of the landlord is waived by his acceptance of rent from the subtenant.

In the absence of proof that the landlord of the first floor of a building is the owner of or in control of the entire building, he cannot be held liable for injury to property on the first floor caused by leakage of water from a broken pipe in an upper apartment which was empty.

APPEAL from a judgment of the Municipal Court of the city of New York, borough of Manhattan, first

district, dismissing the complaint with costs at the close of the plaintiff's case.

Philip Edward Ittmann (Joshua Haberman, of counsel), for appellant.

Hirson & Bertini (Max M. Hirson, of counsel), for respondent.

PAGE, J. · The action was brought to recover damages for injury to the plaintiff's property caused by leakage of water from an empty apartment above, from a broken water pipe. The plaintiff occupied the rear of a barber shop which was leased by the defendant to Alpino, Giaretto & Co. The front of the store was occupied by Giaretto as a barber shop and the rear was used originally by Alpino as a hair dressing parlor and was subleased by Alpino to the plaintiff. There is evidence that after the subletting to the plaintiff the defendant accepted rent from her with knowledge thereof and impliedly assented to her tenancy. It was also shown that the cause of the leakage of water was that a rag was tied around a broken pipe in the empty apartment above by the defendant instead of having it mended. The learned trial justice dismissed the complaint without prejudice to another action on the ground that there was no proof of a waiver of a condition in the lease against subletting without the written consent of the landlord. I am of the opinion that this was error and that the plaintiff made out a *prima facie* case of waiver by acceptance of the rent by the landlord. Had there been proof that the landlord was the owner of or in control of the rest of the property or was in control of the apartment in which the leak occurred, I would be of the opinion that the judgment should be reversed (*Levy* v. *Korn,* 30 Misc. ·

Rep. 199; *Harris* v. *Boardman,* 68 App. Div. 436; *Peters* v. *Kelly,* 129 id. 290; *Donaldson* v. *Wilson,* 60 Mich. 86), but there is no such proof in the record. It is true that had the point been raised in the court below the proof could probably have been made, but since it was not it cannot be said that the plaintiff made out a *prima facie* case. The making of the lease by the defendant to Alpino, Giaretto & Co. of the first floor was not sufficient proof that the defendant owned or controlled the entire building. The dismissal was not on the merits and the judgment should be affirmed with costs.

GUY and BIJUR, JJ., concur.

Judgment affirmed, with costs.