OLUF STENDAL v. ALLEN P. BOYD.

June 15, 1898.

Nos. 11,123—(125).

Negligence—Landowner not Bound to Fence Pond to Prevent Injury to Trespassing Children.

> A landowner is not bound to fence or otherwise guard an open excavation or pond, natural or artificial, on his land, so as to prevent injury to children coming thereon, without right or invitation, express or implied, although they are induced so to do by the alluring attractiveness of such excavation or pond.

Action in the district court for Ramsey county by the administrator of the estate of Clarence Eugene Stendal to recover $3,050. From an order, Brill, J., denying defendant's motion for judgment notwithstanding the verdict of $400 in favor of plaintiff, defendant appealed. Reversed.

*Walter L. Chapin,* for appellant.

Counsel cited Klix v. Nieman, 68 Wis. 271; Richards v. Connell, 45 Neb. 467; Clark v. Manchester, 62 N. H. 577; Frost v. Eastern, 64 N. H. 220; Overholt v. Vieths, 93 Mo. 422; Hargreaves v. Deacon, 25 Mich. 1; Moran v. Pullman, 134 Mo. 641; Barney v. Hannibal, 126 Mo. 372; Grindley v. McKechnie, 163 Mass. 494; Gay v. Essex, 159 Mass. 238; Daniels v. New York, 154 Mass. 349; McEachern v. Boston, 150 Mass. 515; Clark v. City, 83 Va. 355; Peters v. Bowman, 115 Cal. 345; Twist v. Winona & St. P. R. Co., 39 Minn. 164.

*John L. Townley,* for respondent.

Counsel cited Keffe v. Milwaukee & St. P. Ry. Co., 21 Minn. 207; Twist v. Winona & St. P. R. Co., 39 Minn. 164; O'Malley v. St. Paul, M. & M. Ry. Co., 43 Minn. 289; City v. McMahon, 154 Ill. 141;

Young v. Harvey, 16 Ind. 314; Penso v. McCormick, 125 Ind. 116; Schmidt v. Kansas City, 90 Mo. 284.

START, C. J.

Action to recover damages for the death of plaintiff's intestate, alleged to have been caused by the negligence of the defendant. Verdict for the plaintiff for $400, and the defendant appealed from an order denying his alternative motion for judgment in his favor, notwithstanding the verdict, or for a new trial.

There is but little conflict in the evidence, and the facts (stating them as strongly for the plaintiff as the evidence will warrant) are substantially the following: The defendant since 1891 has been the owner of an uninclosed lot in the city of St. Paul, fronting 40 feet on Canton street and extending back 136 feet, situated in a populous part of the city, there being 25 families living within 250 feet of it at the time of the accident here in question. On each side of this lot there was a vacant lot. In the years 1891 and 1892, the defendant, in quarrying stone from his lot, excavated thereon a hole with perpendicular sides 6 or 7 feet high, which came up to and under the sidewalk, and extended back some 70 feet. It was about 28 feet wide at the sidewalk, and 40 feet wide at a point 30 feet back from the street. This left a triangular tract on the north side of the excavation. So much of the excavation as was in the street was covered by the sidewalk, and was originally protected at the street line by a fence which had been broken down at the time of the accident. The excavation filled with water from natural causes, forming a pond attractive and dangerous to children, who were accustomed to go there to play. It had never been protected by a fence or otherwise, except on the street line. The defendant was notified that it was a dangerous place, and had been, previous to the accident, informed that a child had fallen into the pond.

On May 3, 1895, the plaintiff's intestate and son, 4 years 10 months old, while playing with other children on the triangular piece referred to, and at a point 12 to 15 feet back from the street, fell into the pond and was drowned. There is no evidence that the defendant invited or knowingly permitted the children to come upon his lot to play, or otherwise, except as may be implied from

his knowledge that his lot, with the pond thereon, was an attractive and dangerous place for children. The condition of the fence along the sidewalk in front of the water on the street line is immaterial, in view of the fact that the child did not fall into the water from the sidewalk where he would have had a right to be. The absence of this fence was not the cause of the child's death, proximate or otherwise, as the child was playing on the triangular tract north of the pond, which was unfenced and unprotected when he fell into the water.

The rule that if a landowner makes a dangerous excavation on his land adjoining a street or highway, into which a person rightfully in the street falls, the owner is liable, has no application to this case. It is sought, however, to hold the defendant liable upon the facts stated, upon the principle of the "turntable cases." Keffe v. Milwaukee & St. P. Ry. Co., 21 Minn. 207; O'Malley v. St. Paul, M. & M. Ry. Co., 43 Minn. 289, 45 N. W. 440. The liability of a landowner to children who are induced to come upon his premises by reason of attractive and dangerous machinery thereon was carefully limited in the original decision, and the limitations have been enforced by the subsequent decisions of this court. In the case of Twist v. Winona & St. P. R. Co., 39 Minn. 164, 39 N. W. 402, the opinion was expressed that the doctrine of the turntable cases ought not to be extended. See also Haesley v. Winona & St. P. R. Co., 46 Minn. 233, 48 N. W. 1023; Ratte v. Dawson, 50 Minn. 450, 52 N. W. 965; and the opinion on the former appeal in this case, 67 Minn. 279, 69 N. W. 899.

The doctrine of the turntable cases is an exception to the rule of nonliability of a landowner for accidents from visible causes to trespassers on his premises. If the exception is to be extended to this case, then the rule of nonliability as to trespassers must be abrogated as to children, and every owner of property must at his peril make his premises child-proof. If the owner must guard an artificial pond on his premises, so as to prevent injury to children who may be attracted to it, he must, on the same principle, guard a natural pond; and, if the latter, why not a brook or creek, for all water is equally alluring to children? If he must fence in his stone quarry after it fills with water, so that children cannot reach it,—

a well-nigh impossible task,—why should he not be required to do it before, for a stone quarry, with its steep and irregular sides, might well be an attractive and dangerous place to children? It would seem that there is no middle ground, and that the doctrine of the turntable cases ought to be limited to cases of attractive and dangerous machinery. But it is not necessary to a decision of this particular case to adopt any absolute limitation of the doctrine. A turntable case and the case at bar may be distinguished in many respects. In the case of Peters v. Bowman, 115 Cal. 345, 47 Pac. 113, 598, which was one where a boy had been drowned in an unguarded pond on private property, the court, in holding the owner not liable, at page 355 stated the distinction in these words:

"A turntable is not only a danger specially created by the act of the owner, but it is a danger of a different kind to those which exist in the order of nature. A pond, although artificially created, is in no wise different from those natural ponds and streams which exist everywhere, and which involve the same dangers and present the same appearance and the same attractions to children. A turntable can be rendered absolutely safe, without destroying or materially impairing its usefulness, by simply locking it. A pond cannot be rendered inaccessible to boys by any ordinary means. Certainly no ordinary fence around the lot upon which a pond is situated would answer the purpose; and, therefore, to make it safe, it must either be filled or drained, or, in other words, destroyed."

We are of the opinion that the doctrine of the turntable cases ought not to be applied to this case.

So far as we are advised, there is but one adjudged case in which the doctrine has been extended to a pond on private premises. The exception is the case of City v. McMahon, 154 Ill. 141, 39 N. E. 484, which fully sustains the contention of the plaintiff in the case at bar. The case of Penso v. McCormick, 125 Ind. 116, 25 N. E. 156, also relied upon by the plaintiff's counsel, is not in point. That was a case where the landowner, after piling up a mound of ashes on his uninclosed lot, allowed it for months to be used as a thoroughfare and as a playground for children, and then removed some of the ashes, and replaced them with burning embers, which cooled on top, so as to look like the rest of the mound, but remained hot below; and he was held liable for the injury received by a child by stepping

into the hot coals while passing across the lot. The ground of his liability was that he had permitted his lot to be used as a thoroughfare and a playground, and then created thereon a hidden peril or trap. With the exception of the case of City v. McMahon, the courts of last resort, including those which recognize the doctrine of the turntable cases, have uniformly denied the liability of a landowner for injuries to trespassing children by reason of open and unguarded ponds and excavations upon his premises. Overholt v. Vieths, 93 Mo. 422, 6 S. W. 74; Richards v. Connell, 45 Neb. 467, 63 N. W. 915; City of Omaha v. Bowman, 52 Neb. 293, 72 N. W. 316; Peters v. Bowman, 115 Cal. 345, 47 Pac. 113, 598; Klix v. Nieman, 68 Wis. 271, 32 N. W. 223; Hargreaves v. Deacon, 25 Mich. 1; Gillespie v. McGowan, 100 Pa. St. 144.

The plaintiff seeks to distinguish these cases from the one at bar on the ground that the children for whose death or injury a recovery was sought were much older than the plaintiff's intestate in this case. A recovery in the cases referred to was not denied on the ground of the capacity and contributory negligence of the children, but upon the broad ground that the landowner was not bound to make his premises safe for trespassing children. Upon the undisputed facts in this case, we hold that the plaintiff cannot recover, for the reason and upon the ground that a landowner is not bound to fence or otherwise guard an open excavation or pond, natural or artificial, on his land, so as to prevent injury to children coming thereon without right or invitation, express or implied, although they are induced so to do by the alluring attractiveness of such excavation or pond.

Order reversed, and case remanded, with direction to the district court to grant the defendant's motion for judgment notwithstanding the verdict.