JOHN F. KAYSER v. PETER LINDELL.

June 28, 1898.

Nos. 11,151—(100).

**Injury to Child—Fall from Retaining Wall—Landlord not Liable.**
    Defendant owned two houses on the same lot. Both of the houses
    fronted on the street on which the lot abutted. He occupied one of the
    houses, and his tenants occupied the other. Between the two houses
    was an open space, on which the children of his tenants played. In
    the rear of this space was a retaining wall 7½ feet high. The child of
    plaintiff, one of these tenants, climbed upon this wall while playing,
    fell off and was injured. In an action to recover damages for the in-
    jury, *held*, defendant is not liable.

Action in the district court for Goodhue county to recover $20,000
damages for personal injuries to plaintiff's minor son, Raymond
Kayser. The cause was tried before Williston, J., and a jury,
which returned a verdict of $250 in favor of plaintiff. From an
order denying defendant's motion for a new trial, Crosby, J., he ap-
pealed. Reversed.

*Albert Johnson*, for appellant.
It is admitted that appellant leased the floor of the tenement
house to respondent; but it is nowhere claimed by either party to
this action that the premises upon which this retaining wall is sit-
uated were leased to respondent, nor, as to them, that the relation
of landlord and tenant existed. Appellant owed respondent no
active or affirmative diligence in regard to the premises in question.
Hargreaves v. Deacon, 25 Mich. 1; Charlebois v. Gogebic, 91 Mich.
59; Larmore v. Crown, 101 N. Y. 391; Sterger v. Van Sicklen, 132 N.
Y. 499; Cusick v. Adams, 115 N. Y. 55; Nicholson v. Erie, 41 N. Y.
525; Sweeny v. Old Colony, 10 Allen, 368; Zoebisch v. Tarbell, 10 Al-
len, 385; Morrissey v. Eastern, 126 Mass. 377; Gillespie v. McGowan,
100 Pa. St. 144; Klix v. Nieman, 68 Wis. 271; Severy v. Nickerson,
120 Mass. 306; Grindley v. McKechnie, 163 Mass. 494; Trask v.
Shotwell, 41 Minn. 66; Johnson v. Ramberg, 49 Minn. 341; Ratte
v. Dawson, 50 Minn. 450; Akers v. Chicago, St. P., M. & O. Ry. Co.,
58 Minn. 540; 2 Thompson, Neg. 1079; 42 Cent. Law J. 457, 458.

The boy was not on the premises by the implied invitation of appellant. The premises in question were used by appellant as his own home. He kept no school, church, office or place of business or amusement there; nothing by which strangers could be expected to come there for his benefit; nothing that he held out to the public, the respondent or his boy as an inducement to come there; nothing that the public, the respondent or his boy could legally assume he intended for their use. All that can fairly be claimed for the evidence is that appellant suffered children to play in his yard, and that he did not drive them away. This is not an invitation. Galligan v. Metacomet, 143 Mass. 527; Morrissey v. Eastern, supra; Sweeny v. Old Colony, supra; Akers v. Chicago, St. P., M. & O. Ry. Co., supra.

*F. M. Wilson*, for respondent.

The owner of private premises should use reasonable care not to permit unguarded upon his premises structures or other dangerous conditions to which children would be likely to be attracted, in proximity to places frequented by them, and from an interference with which injury would be likely to result. The many so-called "turntable cases" in this court illustrate the rule. The owner of premises who, expressly or by implication, invites others to come on his premises, should be reasonably sure that he is not inviting them into danger, and to that end he must exercise ordinary care and prudence to render the premises reasonably safe. Cooley, Torts (2d Ed.) 718; Buswell, Per. Inj. § 66; Whittaker's Smith, Neg. 60; 2 Thompson, Neg. 1079; 2 Jaggard, Torts, 893; Indermaur v. Dames, 1 Thompson, Neg. 283; Sweeny v. Old Colony, 10 Allen, 373; Elliott v. Pray, 10 Allen, 378; Carleton v. Franconia, 99 Mass. 216; Gilbert v. Nagle, 118 Mass. 278; Bennett v. Railroad Co., 102 U. S. 577; Emery v. Minneapolis Industrial Exposition, 56 Minn. 460.. That such a structure as this retaining wall on the edge of a short playground was dangerous, there can be no doubt. That it would attract children about it seems also to admit of no doubt, for the inquisitive bump on a child is an enigma to the old.

CANTY, J.

On April 12, 1896, and for a long time prior thereto, defendant

was the owner of a lot in Red Wing, in this state. The lot fronted 130 feet on a certain street, and there were upon the lot two dwelling houses, fronting on the street, one on each side of the lot; the space between the houses being 50 feet. Defendant resided in one of these houses himself, and rented the first floor of the other house to plaintiff, who, with his family, resided therein. The topography of the ground was such that the back of the lot was about nine feet lower than the front of it. About 15 feet from the rear of the space between the two houses was a retaining wall 7½ feet high on the back side. The space in front of this wall was filled in so as to make a comparatively level space or yard between the houses, and on the front side the wall extended above the ground one foot. This wall was nearest the house in which defendant resided. Next to it and nearest the house in which plaintiff resided, was a row of woodsheds, which extended from the line of the wall to the rear of the lot. In this space in front of this wall and these woodsheds, and between them and the street, were two private walks, two clothes reels, and a well. The plaintiff's child, a boy of the age of 3½ years, and the children of defendant's other tenants, were in the habit of using this space as a playground. On April 12 aforesaid, this child, while so playing in this yard, climbed upon this wall, fell off down to the ground at the back of the same, and was injured. Plaintiff brought this action under G. S. 1894, § 5164, to recover for the injury, had a verdict, and from an order denying a new trial defendant appeals.

We are of the opinion that the verdict cannot be sustained. If this yard was an appurtenance or part of the premises rented to plaintiff, as the trial court seemed to hold, then, on common-law principles, it is clear that defendant is not liable. Harpel v. Fall, 63 Minn. 520, 65 N. W. 913.

But, conceding that this yard was not a part or appurtenance of the rented premises, and that the child was in the yard by the implied invitation of defendant, we are still of the opinion that plaintiff is not entitled to recover. The doctrine of the "turntable cases" cannot be extended to such a case as this. See Stendal v. Boyd, supra, page 53, s. c., 67 Minn. 279, 69 N. W. 899; Haesley v. Winona & St. P. R. Co., 46 Minn. 233, 48 N. W. 1023.

It is true that, if the owner of premises keeps upon them a concealed trap, and a person coming upon the premises by invitation is injured thereby, he may recover. But there was no mantrap in this case. The wall was plain to be seen. The child knew it was there, and fell off of it in the daytime. While the owner of premises may owe more duty to a child than to an adult coming upon his premises by implied invitation, yet he is not bound to guard every stairway, cellarway, retaining wall, shed, tree and open window on his premises, so that a child cannot climb to a precipitous place and fall off.

The order appealed from is reversed, and a new trial granted.