ANDERSON *v.* REITH-RILEY CONSTRUCTION COMPANY, INCORPORATED.

[No. 16,906.   Filed October 20, 1942.]

*George Sands,* of South Bend, for appellant.

*Jones, Obenchain & Butler,* of South Bend, for appellee.

FLANAGAN, C. J.—The single question here presented is the correctness of the ruling of the trial court in sustaining a demurrer to appellant's complaint.

The complaint alleges that on August 26, 1939, appellee owned a lot in Homewood addition in Portage Township, St. Joseph county, which was located at one corner of the intersection of Mayflower road and Ardmore trail. That Mayflower road is constructed over and across Ardmore trail so as to form an overpass, and for a distance of several hundred feet in each direction from the point of the intersection is a viaduct; that the banks thereof were used by children for play, which fact was known to appellee or in the exercise of reasonable care, could have been known to it. That the lot owned by appellee was of fine sand and that within a few days prior to August 26, 1939, appellee had removed a large amount of sand for use in its road construction business leaving a hole 100 feet long, 50 feet wide and 10 feet deep with perpendicular walls. That the lot in question was in the midst of an unincorporated village of about 500 homes. That appellant lived a short distance away but did not know of the excavation.

That his son, a bright, intelligent boy of nine, while playing on the banks of the viaduct was attracted to the sand hole, went there to play, excavated below the surface and was killed in the cave-in which followed.

Under the facts alleged did the sand pit constitute an attractive nuisance?

Indiana has recognized the general rule of "attractive nuisance" to the effect that an individual or a corporation is liable for injuries to a child *non sui juris* caused by leaving unguarded and exposed dangerous machinery or surroundings of such a nature and character as to naturally tempt and allure children to play with or otherwise use the same. *Drew* v. *Lett* (1932), 95 Ind. App. 89, 182 N. E. 547; *City of Indianapolis* v. *Emmelman* (1886), 108 Ind. 530, 9 N. E. 155; *City of Indianapolis* v. *Williams* (1915), 58 Ind. App. 447, 108 N. E. 387; *Harris* v. *Indiana General Service Co.* (1934), 206 Ind. 351, 189 N. E. 410. But the rule does not apply to those dangerous conditions which are obvious and common to nature, against which danger children are presumed to have received early instructions.

Nature has created streams, lakes and pools which attract children. Lurking in their waters is always the danger of drowning. Against this danger children are early instructed so that they are sufficiently presumed to know the danger that if the owner of private property creates an artificial pool on his own property, merely duplicating the work of nature without adding any new danger, and a child, without invitation, ventures on the private property, enters the pool and is drowned, the owner is not liable because of having created an "attractive nuisance."

Nature has created cliffs and embankments which attract children. And here again is always the danger

of falling over the cliffs or down the embankments. Against these dangers children are early instructed so that they are sufficiently presumed to know the danger that if the owner of private property by excavating for a basement on his own property, thereby creates an artificial cliff, and a child, without invitation, ventures on the private property and falls into the excavation, the owner is not liable because of having created an "attractive nuisance."

Another common danger in cliffs and embankments is that of cave-ins from excavation below the surface. And it is common for children in play to make such excavations in the sides of cliffs and embankments for the purpose of creating caves, tunnels, etc. So they are early instructed as to the danger of cave-ins and are sufficiently presumed to know the danger that if the owner of private property by excavating on his own property, creates an artificial cliff or embankment, merely duplicating the work of nature without adding any new dangers, and a child, without invitation, ventures on the private property, excavates below the surface and is injured or killed by a resultant cave-in, the owner is not liable because of having created an "attractive nuisance." Nor does the rule change with the varying texture of the earth. The danger is the same danger, real and obvious, with only the percentage of probability of the occurrance increased or decreased with the earth's fineness or firmness.

The essence of the rule that the doctrine of attractive nuisance does not apply to cases where the danger is one which is obvious and common to nature, against which children are presumed to have received early instruction, was recognized by our Supreme Court in the case of *City of Evansville* v. *Blue* (1937), 212 Ind.

130, 140, 8 N. E. (2d) 224. There a boy of eleven was drowned in a municipal swimming pool. Justice Fansler speaking for the court said:

> "Healthy boys of eleven years and younger must be deemed to know the perils of deep water, and it must be recognized that it is the nature of boys to venture where it is dangerous. But it is none the less negligent for one who is not a good swimmer to venture into deep water, and ordinarily, boys no more than adults may voluntarily and negligently put themselves in a position of known danger and charge others with responsibility for protecting them against their own voluntary acts."

For reviews of the situations to which the doctrine of attractive nuisance applies and collections of authorities supporting the above stated rules see notes to 36 A. L. R., page 23 and 60 A. L. R., page 1444.

It follows from the above that the demurrer was properly sustained.

In view of the above conclusion it is not necessary that we consider whether all other elements necessary to constitute an attractive nuisance are contained in the complaint.

Judgment affirmed.

NOTE.—Reported in 44 N. E. (2d) 184.