LOCKRIDGE *v.* STANDARD OIL COMPANY, INC.

[No. 18,440. Filed October 15, 1953. Rehearing denied November 12, 1953. Transfer denied January 15, 1954.]

*Byron E. Bamber,* of Hammond, for appellant.

*Richard P. Tinkham* and *Tinkham, Beckman & Kelly,* of Hammond, for appellee.

KENDALL, C. J.—Appellant brought this action to recover damages for the wrongful death of appellant's son, William Arthur Lockridge, eight years of age, by reason of drowning in a pond of water on appellee's land.

The amended complaint alleged in substance that on June 16, 1945, and prior thereto, appellee owned and

controlled certain lands in Whiting, Indiana, lying between two public streets, or highways; that the appellee maintained an excavation in close proximity to one of the streets, and that the bottom of said excavation was uneven, had drop-offs and holes seven to eight feet in depth; that the excavation was filled with water and that appellee kept, or harbored, a small raft in the pool; that the pool with the floating raft were visible from one of the streets and that children frequented said pool and were accustomed to wading and swimming therein and playing on the raft; that appellee had knowledge thereof and that the same constituted an attractive nuisance; that appellant's son was so attracted to the pool, and, while playing with the raft, fell into the water and drowned.

It is further alleged that the child went to the pool in question without knowledge of appellant who was at the time in the armed services; that the appellee company negligently failed to take any precaution to guard or warn children of the danger and further negatives any contributory negligence on the part of the child, alleging that the child was too young to apprehend the danger which was alleged in the complaint.

Appellee company filed a demurrer to the amended complaint, attaching memorandum in support thereof substantially as follows: (a) The appellee owed no duty to the child except not to injure him wilfully; (b) A child eight years of age is presumed to know and appreciate that the pool described in appellant's complaint is a danger which is obvious and common to nature, and (c) The pool of water described in the complaint does not constitute an attraction to children within the "attractive nuisance" doctrine under the law of Indiana.

The demurrer was sustained by the court after which appellant refused to plead over and judgment was rendered against appellant and that the appellee company recover its costs.

The appellant assigns as error the court's ruling in sustaining appellee's demurrer to the amended complaint. The sole question, therefore, presented to this court is the correctness of the ruling of the trial court.

It is to be noted that the pond, or pool of water, involved in this litigation is the same and identical pool or pond which the Supreme Court in the case of *Plotzki* v. *Standard Oil Co.* (1950), 228 Ind. 518, 92 N. E. 2d 632, held did not constitute an "attractive nuisance" and, therefore, the Plotzki boy, age eleven years, at the time he was drowned therein was a trespasser to whom Standard Oil Company owed no duty except to avoid wilfully injuring him. The appellant, however, contends that the Plotzki case, *supra,* is not controlling here because of two distinguishable circumstances. First, they allege that the appellee harbored a floating raft on the pool which was not present when the Plotzki boy lost his life, and, second, the appellant's decedent was a boy eight years old when he was drowned while the Plotzki boy was three years older and possessed greater knowledge of the dangers involved and a mature judgment concerning them.

The complaint in the Plotzki case, *supra,* and the present case both contained allegations of negligence that there were sharp drop-offs and holes in the bottom of the pool; that the water in the pool was not clear and could not be seen by children therein.

It is admitted that the pool was in open view from the street upon which the raft is alleged to have been.

No allegation is made in the amended complaint that there was any hidden or latent defect to the raft or that said raft was in itself inherently dangerous. Appellant merely alleges that the raft was kept and harbored by the appellee upon the body of water in question. Regardless of the raft when the boy went into the body of water, there was one danger and that was the danger of drowning. This type of danger was obvious and well known to a boy of this age. It generally is well known to children of tender years, equally well to adults, that going into such a body of water constituted a danger that is ever present in any type of water, be it a pond, lake, river, reservoir or open stream. To successfully come within the exception of the general rule, we believe the rule to be that the danger must be hidden or it must be a latent danger or the conditions or instrumentality must be inherently dangerous in itself. We see no reason how the raft in open view in a body of water which is visible was more inherently dangerous than the step-ladder in the case of *Neal* v. *Home Builders* (1953), 232 Ind. 160, 111 N. E. 2d 280, 285, 111 N. E. 2d 713; or the log bridge in *Indianapolis Water Co.* v. *Harold* (1908), 170 Ind. 170, 83 N. E. 993.

The weight of authority is to the effect that the "attractive nuisance" doctrine does not apply to conditions either natural or artificial which are common to nature, the dangers of which are obvious and known to children. *Stendal* v. *Boyd* (1898), 73 Minn. 53, 75 N. W. 735; *Thompson* v. *Railroad Co.* (1913), 105 Miss. 636, 63 So. 185; *Peters* v. *Bowman* (1896), 115 Cal. 345, 47 Pac. 113.

This rule is also announced in the case of *Anderson* v. *Reith-Riley Const. Co.* (1942), 112 Ind. App. 170, 44

N. E. 2d 184, and cited with approval in the case of *Plotzki* v. *Standard Oil Co., supra.*

The general rule is that the turntable, or "attractive nuisance" doctrine does not apply to a pond unless there is some unusual condition or artificial feature other than the mere water and its location rendering the place peculiarly dangerous to children. The doctrine does not apply to objects attractive and dangerous to children unless the danger is unknown, concealed or hidden. *McKenna* v. *City of Shreveport* (1931), 16 La. App. 234, 133 So. 524. Appellant does not claim that the danger of the raft was unknown in the instant case, neither does he claim that there were any latent defects in the raft. In the absence thereof, we believe the general rule to be, based upon sufficient authority, that a raft such as mentioned and described in the amended complaint, and especially in view of the Plotzki case, *supra,* by which we are bound, does not constitute such an added danger as to come within the exception to the general rule.

In view of the allegation of negligence in the amended complaint, as presented to us, we must assume that the element of danger that did exist, if any, was not latent, but on the contrary was obvious. *McKenna* v. *City of Shreveport, supra.* To render the owner liable, the structure or condition maintained or permitted on his property must be peculiarly or unusually attractive to children. The injured child must have been attracted by such condition or structure. The owner must know, or the facts be such as to charge the owner with knowledge, of the condition and that children are likely to trespass and be injured. The structure or condition must be dangerous and of such a character that the danger is not apparent to immature minds. *Bass* v. *Quinn-Robbins Co.* (1950), 70 Ida. 308,

216 P. 2d 944; 36 A. L. R. 224-237; 45 A. L. R. 973-993; 45 C. J. 763-767.

In the case of *Bass* v. *Quinn-Robbins, supra,* the court said:

"A pool or pond is not an 'attractive nuisance,' such as to render the owner liable for the drowning of a child, where the dangers inherent in it are open and apparent, and there is no hidden, concealed or unusual danger or trap." (See cases cited therein.)

Under the allegations of negligence of the amended complaint and in view of the Plotzki case, *supra,* as well as the decision of many other jurisdictions, we do not believe that the raft in itself constituted an open and apparent danger to said child in addition to the water or that there was any hidden, concealed or unusual danger about it or that said raft constituted a trap.

The fact that a raft or other object floats on a body of water such as the one in question does not change the general rule except where the float may conceal an otherwise apparent risk, and this we do not have in the present case. *Reardon* v. *Spring Valley Water Co.* (1924), 68 Cal. App. 13, 228 Pac. 406; *Rallo* v. *Heman Construction Co.* (1921), 291 Mo. 221, 236 S. W. 632; *Bass* v. *Quinn-Robbins, supra.*

The character of the danger as open and obvious or hidden and latent is of prime importance in this case. The doctrine of attractive nuisance is limited in its application to cases where the danger is latent and affords no basis for recovery where the injury complained of was produced by peril of an obvious or patent character. The owner or occupant is entitled to assume that the parents, guardians or those in control thereof will have warned said children to avoid such peril as complained of here. 36 A. L. R. 224.

In the case of *Peters* v. *Bowman, supra,* the court said:

"A body of water—either standing as in ponds and lakes, or running as in rivers and creeks, or ebbing and flowing, as on the shores of seas and bays—is a natural object incident to all countries which are not deserts. Such a body of water may be found in or close to nearly every city or town in the land; the danger of drowning in it is an apparent open danger, the knowledge of which is common to all; and there is no just view consistent with recognized rights of property owners, which would compel one owning land upon which such water, or part of it, stands or flows to fill it up or surround it with an impenetrable wall."

In denying the petition for a rehearing, the court further said:

"As to common danger existing in the order of nature, it is the duty of the parents to guard and warn their children and, failing to do so, they should not expect to hold others responsible for their own want or care."

In the case of *Reardon* v. *Spring Valley Water Co., supra,* one of the acts of negligence complained of was that the defendant maintained on the reservoir in question an attractive rowboat and permitted it to remain unsecured and unprotected. In that case, a boy five years of age entered the lake, boarded the boat and was drowned. The lower court sustained a demurrer to the plaintiff's complaint which was affirmed by the California Court of Appeals.

From the weight of authority examined by this court, there is no change in the principle of the doctrine to be applied because a child was drowned from a floating object placed in the water by the owner of the property. *Blum* v. *Weatherford,* 121 La. 298; *Rallo* v. *Heman Construction Co., supra; Richards* v. *Connell,* 45 Neb. 467, 63 N. W. 915; *Bowman* v. *Omaha,* 52 Neb.

293, 72 N. W. 316; *Cooper* v. *Overton,* 102 Tenn. 211; *Barnhart* v. *Chicago, etc. R. R. Co.,* 89 Wash. 304, 154 P. 441; *Robbins* v. *City of Omaha,* 100 Neb. 439, 160 N. W. 749; *Reardon* v. *Spring Valley Water Co., supra.*

The cases last cited involved situations where young children fell from rafts or logs into unfenced bodies of water on private property. (See also *Peters* v. *Bowman, supra; Washabaugh* v. *Northern Virginia Construction Co.* (1948), 187 Va. 767, 48 S. E. 2d 276; *Demmer* v. *City of Eureka* (1947), 78 Cal. App. 2d 638, 178 Pac. 2d 472; *McKenna* v. *City of Shreveport, supra.*)

We do not believe there is any sound reasoning or authorities differentiating, in the principle, the present case from the case of *Peters* v. *Bowman, supra,* and *Polk* v. *Laurel Hill Cemetery Assn.,* 37 Cal. App. 624, 174 Pac. 414. (See also *Melendez* v. *City of Los Angeles,* 8 Cal. 2d 741, 68 P. 2d 971.)

We are unable to see under the facts alleged how there is any difference between the raft on the water and a sandy beach on the lake, the artificial pond, teeter-totters, swings or any other useful toy or article for the entertainment of children. From early childhood the first lessons learned are the dangers of getting burned, the dangers of falling, the dangers of water, regardless of whether it be in artificial ponds, streams or lakes.

In the case of *City of Evansville* v. *Blue* (1937), 212 Ind. 130, 8 N. E. 2d 224, the Supreme Court took judicial knowledge of the fact that a landowner from common experience knows that children of the age of appellant's decedent are as aware of the dangers of water as he might be himself, and, in that opinion, the court said:

"Healthy boys of eleven years and younger must be deemed to know the perils of deep water, and it must be recognized that it is in the nature of boys to venture where it is dangerous. But . . . boys no more than adults may voluntarily and negligently put themselves in a position of known danger and charge others with responsibility for protecting them against their own voluntary acts."

In regard to the appellant's second contention, to-wit: that of the age, courts generally have not drawn any line of demarcation between liability and non-liability based upon the age of the child. Damages have been denied in cases where the age of the child ranges from three to fourteen years. *Fitch* v. *Selwyn Village* (1951), 234 N. C. 632, 68 S. E. 2d 268; this case involved a child two and one-half years old. *Kemp* v. *Doe Run Lead Co.* (Mo. 1931), 34 S. W. 2d 1002. This case involved a child less than three years of age. Stendal v. Boyd, *supra; Williams* v. *Kansas City, Clay County and St. Joseph Ry. Co.* (1928), 222 Mo. App. 865, 6 S. W. 2d 48; *Newby* v. *West Palm Beach Water Co.* (Fla. 1950), 47 So. 2d 527.

The appellant's argument is to the effect that because of the difference in ages of the deceased in this case and the Plotzki case, *supra,* the question of contributory negligence should be left to the jury. The decision of the Plotzki case, *supra,* by which we are bound, is not based on contributory negligence of the deceased. The sole question decided in the Plotzki case supported by authorities therein cited was that under the allegation of the complaint there was no actionable negligence on the part of the defendant or, in other words, there was no duty upon the defendant toward the trespassing children; that as a matter of law, the land-owner is not liable to children for injuries received on his property, the dangers of which are known to the children.

We believe the point in dispute is the question of liability and duty of the land-owner under the allegations of the amended complaint. To decide the question on the matter of contributory negligence would be to assume the existence of the very thing in dispute. If it were a question as to the age to be free of contributory negligence, then most property owners who have children's play articles of entertainment in their yards, and farmers throughout the state who have artificial lakes with diving boards would then be subject to a multiplicity of lawsuits.

Appellant in his brief has sought to divide the holdings of the courts into two classes, namely: (1) The court's holding a more "liberal" view, and, (2) The courts which have adhered to the harsh rule. This court has examined many of the cases cited in appellant's brief and finds that since the decision of the Plotzki case, *supra,* many courts have refused to adopt the more "liberal" view and have adopted the thinking of the court in the Plotzki case, *supra,* and *City of Pekin* v. *McMahon* (1895), 154 Ill. 141, 39 N. E. 484 (See Torts — Application of Attractive Nuisance Doctrine to Ponds and Pools) 26 Notre Dame Lawyer, p. 154-156. See also *Fitch* v. *Selwyn Village, supra,* in which the court said:

> "The overwhelming weight of authority in this country is to the effect that ponds, pools, lakes, streams, reservoirs, and other bodies of water, do not *per se* constitute attractive nuisances." *Holifield* v. *Wigdor* (1951), 361 Mo. 636, 235 S. W. 2d 564; *McGuire, Appellant* v. *Carey* (1951), 366 Pa. 627, 79 At. 2d 236; *Maher* v. *City of Casper* (1950), 67 Wyo. 268, 219 P. 2d 125.

We are therefore compelled to conclude from the rule announced in the Plotzki case, *supra,* and the decision of courts in other jurisdictions that the amended

complaint did not contain sufficient facts to impose on the appellee herein a duty or obligation toward appellant's son and that the demurrer was properly sustained.

Judgment affirmed.

Kelley, J., not participating.

NOTE.—Reported in 114 N. E. 2d 807.