PHILLIP J. SWANSON, BY EVERETT C. SWANSON, JR., AS NEXT FRIEND, EVERETT SWANSON, JR. V. JOHN H. SHROAT AND JOAN SHROAT.

[No. 2-374A64. Filed May 3, 1976. Rehearing denied June 3, 1976.]

*David B. Hughes,* of Indianapolis, for appellant.

*William K. Byrum, William F. Diehl, Fulmer, Byrum & Gagnon,* of Indianapolis, for appellees.

SULLIVAN, J.—Plaintiff-appellant Everett C. Swanson, Jr. (Swanson) appeals from the granting of summary judgment in favor of defendants-appellees John H. and Joan Shroat (Shroats). Swanson filed his complaint in 1970 seeking damages for medical and hospital expenses and for the loss of services of his 10 year old son Phillip, who fell from a tree in the Shroats' yard.

The granting of a motion for summary judgment is appropriate ". . . if the pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits and testimony, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Indiana Rules of Procedure, Rule 56 (C). The burden is on the proponent of the motion to show that no genuine issues of fact exist, so in deciding whether to grant a summary judgment, facts set forth in the opponent's affidavit are taken as true, and depositions, admissions, answers to interrogatories, and testimony are liberally construed in favor of the opponent. *Podgorny* v. *Great Central Insurance Co.* (1974), 160 Ind. App. 244, 311 N.E.2d 640.

The pleadings, depositions and affidavits before the trial court, when construed in favor of Swanson, show that on August 14, 1968, Phillip was playing with a group of neigh-

borhood children in the Shroats' yard and patio. The Shroat yard was a regular meeting place for the neighborhood children, but Joan Shroat did not supervise or quiet the children and did not place restrictions on the play in the yard. On the day of Phillip's fall, Joan Shroat was in the house, preparing to leave for vacation, and through the open windows could hear the children playing. Being busy, she just glanced out at them once in a while. In the rear of the house is a cement block patio with a maple tree at the southwest corner. South of the tree is a redwood fence. A picnic table was placed just north of the fence. On this particular day, the children were jumping from the fence, catching a limb of the tree, and swinging. While doing this, Phillip's hands slipped from the limb and he fell to the patio, causing injury.

On the basis of depositions of Joan Shroat, Everett Swanson and Maxine Swanson (Phillip's mother), the affidavit of Swanson's attorney, and argument of counsel in support of and opposition to the defendants' motion for summary judgment, the trial court granted summary judgment. The entry of the court reads in appropriate parts as follows:

"The Court finds that this is an appropriate case for Summary Judgment under the *Fort Wayne National Bank* v. *Doctor* case (1971), [149 Ind. App. 365], 272 N.E.2d 876, in that Phillip Swanson was at most a social guest on Defendants' property and consequently is a licensee by permission.

The undisputed facts in the case show a complete lack of evidence of 'wilfullness' on the part of Defendants toward the plaintiff's son. The undisputed facts in this case fail to meet the positive wrongful act test; the wilful and wanton test; or the entrapment-affirmative control of the instrument test.

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED that the Defendants' Motion for Summary Judgment be granted and judgment for Defendants be entered that the Plaintiff, Everett C. Swanson, Jr., take nothing by his complaint."

In seeking reversal of the summary judgment, Swanson requests that we do several things:

1. Abolish the distinction between the duty owed by a land owner to an invitee and that owed to a licensee.
2. Acknowledge and articulate that even if a lesser duty of care exists as to an adult licensee than to an invitee, a higher duty is imposed as to children.
3. Hold that there are genuine issues of fact as to whether the injured child was an invitee or a licensee; as to whether this child was capable of appreciating the danger of the activity in which he engaged; as to whether the acts or omissions of Mrs. Shroat measured up to the duty owed; and as to whether the presence and arrangement of the fence, tree, patio and picnic table were inherently dangerous under the circumstances.

I

MERITORIOUS ARGUMENT FOR ABOLITION OF DISTINCTION BETWEEN INVITEE AND LICENSEE MUST AWAIT REVIEW BY SUPREME COURT

It is believed that Swanson's argument for elimination of the distinction between invitees and licensees with respect to duty owed by a land owner or occupant is meritorious. *See Rowland* v. *Christian* (1968), 70 Cal. Rptr. 97, 443 P.2d 561; Ann., 32 A.L.R.3d 508.

A recent Indiana Supreme Court decision, however, has impliedly recognized the long standing distinction. *See Hammond* v. *Allegretti* (1974), 262 Ind. 82, 311 N.E.2d 821. It would therefore seem somewhat presumptuous for this court to strike down the traditional distinction. Reconsideration of the Indiana law in this area is best left to our highest court in this case or in some future appeal in which, as here, the argument is squarely presented.

Our failure to abolish the distinction between invitees and licensees in this case, however, is not injurious to the position taken by Swanson because, as advocated by him, we find that under certain circumstances the conduct required of a possessor or owner in order to measure up to the standard of care required, is greater when a child licensee is present than when an adult licensee is on the premises.

## II

### WHILE A MINOR CHILD GUEST IS A "MERE LICENSEE", THE PREMISES OWNER MUST UNDER SOME CIRCUMSTANCES TAKE MORE CARE TO PROTECT HIM FROM DANGER THAN HE WOULD AN ADULT LICENSEE

In determining the duty which a landowner owes to one who comes upon his land, Indiana law has long recognized that the relationship between them is determinative. One who enters at the owner's invitation, express or implied, to transact business of mutual benefit to both, is an invitee, while one who enters for his own "convenience, curiosity, or entertainment" is a licensee by permission, or a mere licensee. *Brown* v. *Kujawa* (1968), 142 Ind. App. 310, 234 N.E.2d 509.

Swanson asserts that the trial court erred in concluding as a matter of law that Phillip was a licensee. We can not agree. There can be no doubt that the injured boy here was a social guest or a licensee by permission. Social guests are classified as licensees in Indiana as a matter of law. *Brown* v. *Kujawa, supra, Ft. Wayne National Bank* v. *Doctor* (1971), 149 Ind. App. 365, 272 N.E.2d 876.

In *Ft. Wayne National Bank* v. *Doctor, supra,* the case relied upon by the trial court in granting summary judgment, this court held that in general the owner has no duty to a social guest to maintain the premises in a safe condition. The guest takes them as he finds them. In the *Doctor* case three exceptions to this general rule were enumerated: (1) where the owner commits a positive wrongful act which results in injury to the licensee; (2) where the owner acts wilfully or wantonly and thus causes the injury; or (3) where the owner creates a condition comparable to an entrapment and that condition causes injury. In granting the Shroats' motion for summary judgment, the trial court here held that the undisputed facts failed to meet any of these tests.

Swanson persuasively distinguishes *Ft. Wayne National Bank v. Doctor.* That case involved an adult, while a child was injured here. He further points to a long line of Indiana cases which have held that there are further exceptions to the general rule of non-liability which exceptions exist for the protection of children. The Shroats, on the other hand, argue that any exceptions which may have existed solely for children were eliminated by *Ft. Wayne National Bank v. Doctor, supra,* or, in the alternative, that even if there are such exceptions, Phillip does not fall within them. We agree with Swanson that premises owners are sometimes required to take more precautions to protect children, but we also agree with the Shroats that Phillip's injury was not occasioned by the breach of any duty owned to him.

It should be noted at the outset that we are dealing here only with the standard of care owned to a child licensee and with the conduct which measures up to that standard. Trespassers are not involved here, nor is the doctrine denominated "attractive nuisance."

The development of Indiana premises liability law regarding licensees, including children, has been uneven, and characterized by confusing terminology such as "active-passive", "positive wrongful acts", "entrapment", "willful and wanton", "attractive nuisance", "inherently dangerous condition", and "last clear chance". While *Ft. Wayne National Bank v. Doctor, supra,* swept away some of this unnecessary verbiage (see 272 N.E.2d at 880-882), the conduct which measures up to the requisite standard of care owed to a licensee remains unclear.

Tracing the development of this area of law, we find that early cases held that a premises owner would rarely be held liable to a licensee injured by an existing condition, since it was presumed that the licensee would recognize and avoid danger. *Faris v. Hoberg* (1892), 134 Ind. 269, 33 N.E. 1028; *Thiele v. McManus* (1891), 3 Ind. App. 132, 28 N.E. 327. This general presumption remains valid

today, and reasonably so. The owner is not an insurer of the safety of licensees. *Ft. Wayne National Bank* v. *Doctor, supra; Pallikan* v. *Mark* (1975), 163 Ind. App. 178, 322 N.E.2d 398; *Standard Oil Co. of Indiana, Inc.* v. *Scoville* (1961), 132 Ind. App. 521, 175 N.E.2d 711.

That is not to say, however, that a premises owner can never be held liable for injuries to licensees. Early cases also recognized that there are situations in which the basic presumption fails because the licensee is either unable to recognize or unable to avoid danger. It is from this recognition that the exceptions listed in *Ft. Wayne National Bank* v. *Doctor, supra,* arose. The "positive wrongful act" and "willful and wanton misconduct" tests can be attributed to a belief that a licensee does not usually, nor should he be required to, anticipate and therefore guard against conduct on the part of an owner which is so grossly deviant from everyday standards that it places the licensee in an unusually dangerous position. For example, the Supreme Court said in *Woodruff* v. *Bowen* (1893), 136 Ind. 431, 34 N.E. 1113 that an owner can not shoot the licensee, or spring traps. In *Parker, Admin.* v. *The Pennsylvania Co.* (1893), 134 Ind. 673, 34 N.E. 504, the Supreme Court described conduct which would fit into this category as quasi-criminal, intentional conduct done under circumstances evincing a reckless disregard for the safety of others, and a willingness to inflict the injury which resulted.

Licensees are also unable to perceive and thus avoid hidden defects or dangers. *Penso* v. *McCormick* (1890), 125 Ind. 116, 25 N.E. 156. *Clark, Admnx.* v. *City of Huntington* (1920), 74 Ind. App. 437, 127 N.E. 301; *Midwest Oil Co.* v. *Storey* (1961), 134 Ind. App. 137, 178 N.E.2d 468. Thus we have the "entrapment" exception as described in *Doctor.*

The same general considerations apply to child licensees. In general, the premises owner is not an insurer of the safety

of children. *Wozniczka* v. *McKean* (1969), 144 Ind. App. 471, 247 N.E.2d 215; *Brown* v. *Kujawa, supra*.

However, in measuring the ability of a child to perceive and avoid danger, a further factor enters, namely, the child's youth and lack of experience. Dangers that may be obvious to an adult are often hidden to a child. Thus where an owner can reasonably anticipate that a child is or will be in a dangerous position but will be unable to appreciate the danger, the owner is required to take reasonable precautions to protect the endangered child from injury. *Wozniczka* v. *McKean, supra*. As this court said in *Cleveland etc. Rwy. Co. v. Means* (1915), 59 Ind. App. 383, 104 N.E. 785 (overruled by *Doctor* to the extent it makes a distinction between active and passive negligence) :

> "The owner of the premises owes the adult licensee no duty of active vigilance to discover his presence or his surroundings while on his premises by permission only, because such adult is presumed to go there with the understanding that he will take the premises as they are, with all the uses to which the owner may subject them while there, and that he will look after his own safety and welfare, and that he has discretion and judgment to do so. In other words, the owner of the premises does not know and has no reason to anticipate that such adult licensee will place himself in a situation of peril. To indulge such an assumption when a child licensee of immature years, judgment and discretion is involved would be against our common understanding and reason and lacking in every element of humanity and justice." 59 Ind. App. at 405-6; 104 N.E. at 792-3.

Before any of these exceptions come into play, be they in regard to an adult or a child licensee, the owner must have actual or constructive knowledge of the existence of the dangerous condition, *Harris* v. *Indiana General Service Co.* (1934), 206 Ind. 351, 189 N.E. 410; *Keane* v. *Schroeder* (1970), 148 Ind. App. 131, 264 N.E.2d 95; *Terre Haute etc. Traction Co.* v. *Sanders* (1923), 80 Ind. App. 16, 136 N.E. 54, and must also know or have reason to know that an unwitting licensee is likely to come into contact with the dangerous condition. *Indiana Harbor Belt Rwy. Co.*

v. *Jones* (1942), 220 Ind. 139, 41 N.E.2d 361; *Keane* v. *Schroeder, supra; Ft. Wayne etc. Traction Co.* v. *Stark* (1920), 74 Ind. App. 669, 127 N.E. 460.

The Shroats point to three cases which they argue are in conflict with these principles: *Neal* v. *Home Builders, Inc.* (1953), 232 Ind. 160, 111 N.E.2d 280; *Pier* v. *Schultz* (1962), 243 Ind. 200, 182 N.E.2d 255; and *Pierce* v. *Walters* (1972), 152 Ind. App. 321, 283 N.E.2d 560. We can not agree.

*Neal* v. *Home Builders, Inc., supra,* found only that the facts presented to the court by the complaint in that case did not allege a violation of any duty which may have been owed to the child. In reaching that result, the Court considered many of the cases which recognized that conduct which measures up to the standard of care for adults may not suffice if children are involved, but read them very narrowly in applying their holdings to the complaint before it, which complaint sought recovery only for the wrongful death of the mother, who was injured trying to rescue her child. In light of both the very narrow factual presentation of the complaint in *Neal* and the strong statements in Indiana cases both prior and subsequent to *Neal* that child licensees, under the proper circumstances, may recover where adults could not, it is not proper to say that *Neal* establishes a principle that the same yardstick is always to be used in measuring conduct toward adult and child licensees.

We find *Pier* v. *Schultz, supra,* also undeterminative. There, the court in one sentence measured the sufficiency of the pleadings by applying the "positive wrongful act" test and the "entrapment" test, without making a distinction between adult and children licensees, or mentioning any cases establishing a further exception for children. The Court relied solely on *Woodruff, Administratrix* v. *Bowen* (1893), 136 Ind. 431, 34 N.E. 1113, one of the first cases to articulate the duty owed to a licensee, to support its evaluation of the pleadings. The remainder of the *Pier* decision is devoted to discussion of the

attractive nuisance doctrine. Such a casual reference to the standard of care owed to licensees does not justify disregard of the long line of cases which place children in a different category with respect to premises liability. *See, e.g., Wozniczka* v. *McKean, supra,* and cases cited therein.

In *Pierce* v. *Walters, supra,* the latest case cited by the Shroats in support of their argument, a 10-year-old boy who was hiding in tall weeds was injured when his grandfather ran over him in a truck. Superficially, *Pierce* seems to abandon the principles of *Wozniczka* by saying that the jury would have to determine whether the grandfather acted wilfully and wantonly. However, in discussing what would constitute wilful and wanton misconduct, the Court suggested that the boy's age would be appropriately considered, and the propensities of boys to hide in tall grass. In so doing, the Court was implicitly applying the principle that conduct which gives rise to liability may be viewed differently when a child is involved than when an adult is injured on the premises.

In none of the three cases last cited and discussed do we find compelling basis for abrogating the longstanding principle that landowners must be alert to the fact that children may not appreciate a perilous condition and must act accordingly. The circumstances under which a premises owner may be held liable for injuries sustained by a licensee, whether adult or child, are clearly and concisely set forth in the Restatement of Torts, 2d, § 342, which was quoted with approval in *Wozniczka* v. *McKean, supra,* 144 Ind. App. at 486-7, 247 N.E.2d at 223. That section reads as follows:

"342. Dangerous Conditions Known to Possessor.
A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if,
(a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and

(b)   he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and

(c)   the licensees do not know or have reason to know of the condition and the risk involved."

The comments to § 342 provide a coherent guide for its application without the confusing terminology which has prevailed in Indiana cases over the past 90 years. Comment (b) to that section is particularly helpful here. It reads:

"b.   If the licensees are adults, the fact that the condition is obvious is usually sufficient to apprise them, as fully as the possessor, of the full extent of the risk involved in it.

On the other hand, the possessor should realize that the fact that a dangerous condition is open to the perception of child licensees may not be enough to entitle him to assume that they will appreciate the full extent of the risk involved therein."

### III

### SINCE PHILLIP MUST BE DEEMED, AS A MATTER OF LAW, TO HAVE RECOGNIZED THE DANGER OF FALLING, SUMMARY JUDGMENT WAS APPROPRIATE

Applying the principles of premises liability as to child licensees to the case before us, we hold that Swanson as a matter of law may not collect damages from the Shroats for the injuries to Phillip, since a premises owner will be held liable only if the condition which caused the child's injuries is such that the danger would not be recognized or appreciated by a child of similar age and experience. Indiana cases have consistently held that children are presumed to have received instruction against dangerous conditions common to nature, e.g., deep water, (*City of Evansville* v. *Blue* (1937), 212 Ind. 130, 8 N.E.2d 224; *Lockridge* v. *Standard Oil Co., Inc.* (1954), 124 Ind. App. 257, 114 N.E.2d 807 and *Harness* v. *Churchmembers Life Insurance Co.* (1961), 241 Ind. 672, 175 N.E.2d 132); cave-ins of excavations, cliffs, and embankments (*Anderson* v. *Reith-Riley Con-*

*struction Co.* (1942), 112 Ind. App. 170, 44 N.E.2d 184) ; and most relevant to the case before us, falling from heights (*Neal* v. *Home Builders, Inc., supra*). Absent some additional, hidden danger a landowner will not be held liable for injuries resulting from a fall on his property. The Supreme Court in *Neal, supra,* quoted with approval the following passage from *Kayser* v. *Lindell* (1898), 73 Minn. 123, 75 N.W. 1038 at 1039:

> " 'It is true that, if the owner of premises keeps upon them a concealed trap, and a person coming upon the premises by invitation is injured thereby, he may recover. But there was no mantrap in this case. The wall was plain to be seen. The child knew it was there, and fell off of it in the daytime. While the owner of premises may owe more duty to a child than to an adult coming upon his premises by implied invitation, yet he is not bound to guard every stairway, cellarway, retaining wall, shed, tree, and open window on his premises, so that such a child cannot climb to a precipitous place and fall off.' " 232 Ind. at 182-3; 111 N.E.2d at 291.

This statement is in accord with the law in numerous other jurisdictions. See, generally 26 A.L.R. 3d 317, § 18 and cases cited therein.

In denying recovery to a 12 year old girl who fell while crossing a railroad trestle, the Supreme Court of Missouri offered the following explanation in *Arbogast* v. *Terminal Railroad Assn. of St. Louis* (1970 Mo.), 452 S.W.2d 81 at 85:

> "Generally, [the premises liability rules applicable to children] have been held not applicable to conditions of height in the absence of some other factor creating a special risk that the child will not avoid the danger, such as the fact that the condition is so hidden as not to be readily visible, or a distracting influence which makes it likely that the child will not discover or appreciate the danger. So the owner of land ordinarily is not liable for injury to a trespassing child, who climbs upon, or jumps or falls from a nondefective and stationary structure, at least where the structure is useful and properly located and the danger is open and obvious. 65 C.J.S. Negligence § 63 (91)b, pp. 841, 842; 145 A.L.R. 322. A child is bound to appreciate a simple

and obvious danger of falling from an object or structure, but is not bound to appreciate a danger, presented or exaggerated, by a defect in the structure or other peculiar circumstance which is hidden from the child or which a child would fail to appreciate because of his immaturity. 65 C.J.S. Negligence § 63 (91)b; 16 A.L.R. 3rd 102. In the case here, there is no evidence of the trestle being defective in any way or any other special circumstance which would be hidden from a twelve year old girl. The fact that the unguarded trestle spanning a deep ravine, in and of itself does not reveal a circumstance which a twelve year old child would fail to appreciate the danger or risk of falling therefrom. It is concluded that under the circumstances presented here, the plaintiffs have not made a case under the rules of liability. . . ."

Swanson argues that it is not the tree alone which constituted the dangerous condition, but the tree/fence/patio configuration. We can not agree that a fence and patio in close proximity to a tree constitute a latent, hidden danger, comparable to a trap, or adds a factor creating a special risk that this ten year old child would not appreciate. The danger remains the same—falling. Although the potential quantum of injury may be increased, there is no increased likelihood of a fall occurring, nor is the possibility of falling less obvious.

Since Phillip is deemed as a matter of law to have recognized and understood the danger involved in falling from the tree, there can be no liability on the part of the Shroats for his injuries.

While the form in which the trial court stated its judgment is less than ideal, summary judgment for the defendants is nevertheless proper and should be affirmed, because the pleading and depostions show that there is no genuine issue as to any material fact and that the moving defendants are entitled to the judgment as a matter of law. The mere fact that the injured party is a child licensee which makes reliance on *Fort Wayne National Bank* v. *Doctor, supra,* inappropriate does not necessitate the entry of a new

judgment. The recitals in which the trial court refers to the *Doctor* case are not a part of the judgment.

Judgment affirmed.

Buchanan, P.J., concurs, with separate opinion. White, J., concurs in result.

## CONCURRING OPINION

BUCHANAN, P.J.—I would ground our affirmance of the trial court's decision solely on the principle enunciated in *Ft. Wayne National Bank* v. *Doctor* (1971), 149 Ind. App. 365, 272 N.E.2d 876. Our accumulated law on the subject of the duty of owners or occupiers of land to licensees makes no discernible distinction between child licensees and adult licensees.

The general rule in Indiana and elsewhere is that a social guest takes the premises as he finds them.

The general rule is well stated in Annot., 20 A.L.R.3d 1127, 1134 (1968) on *Child Social Guest—Injury or Death*:

> In a number of cases dealing with liability for the injury or death of a *child social guest* the courts have held applicable to children the general rule, variously stated, that a social guest is a licensee to whom the host owes only the duty to refrain from active wrongdoing and to warn of dangers known to him and not likely to be discovered by the guest.

Children are presumed to have been instructed by their parents of the danger of falling. *See Neal* v. *Home Builders, Inc.* (1953), 232 Ind. 160, 111 N.E.2d 280. The danger of falling in jumping from a fence to a tree is hardly one "not likely to be discovered by the guest" (Annot., supra) . . . nor is there any evidence of a "positive wrongful act, entrapment, or willful and wanton conduct by the landowner" as discussed in *Ft. Wayne National Bank* v. *Doctor, supra.*

The general rule of non-liability to a social guest is equally applicable to child or adult. If the danger is one which is known to the host but not likely to be discovered by a child,

the host may well be liable by application of the general rule as it has been applied in Indiana.

Resort by the majority to the rule stated in section 342 of the *Restatement (Second) of Torts* as the basis for its opinion, represents a subtle transition from established Indiana law of non-host liability (with clearly defined exceptions) to a negligence standard.[1] . . . a transition without authority or justification in the law of this State. *See* authorities discussed in *Doctor*.

NOTE.—Reported at 345 N.E.2d 872.

---

1. For additional suggestions that the Restatement position is an intermediate one between the law as set out in *Doctor* and a standard negligence approach to premises liability, *see* Note, *Premises Liability: A Critical Survey of Indiana Law,* 7 Ind. L. Rev. 1001 at 1047, n. 264.